## Jonathan H. Ellicott and Benjamin H. Ellicott, *vs.* John H. Eustace.

An appeal will not lie from the refusal of a court to allow an amendment of pleadings.

Appeal from the Superior Court of Baltimore city.

*Assumpsit* by the appellee, as holder, against the appellants, as acceptors, of a foreign bill of exchange.

The suit was docketed by consent at the January term 1852 of the court below, and a rule laid upon the defendants to plead within fifteen days. On the 29th of April 1852, they filed their plea of *non assumpsit,* accompanied by an agreement of counsel, that at the call of the trial docket they might move to put in a plea of usury, as of that day, which should be received if the court should decide it could be received after the rule day. At the following September term they moved to amend their plea, so as to plead the statute of usury of the State of Virginia, where the bill was drawn. This amendment the court (Frick, J.,) refused to allow, and from this refusal the defendants appealed.

The case was then tried and verdict and judgment rendered for the plaintiff, and from this judgment also the defendants appealed.

The cause was argued before Le Grand, C. J., Eccleston, Mason and Tuck, J.

*Grafton L. Dulany* for the appellants, argued:

1st. That with or without the agreement they had the right to the amendment which they sought, secured to them by statute of which they could not be legally deprived by the judgment of the court. That the discretion allowed by the act of 1809, ch. 153, is a sound legal discretion, an erroneous exercise of which is the subject of appeal and review in this court. 5 *G. & J.,* 64, *McPherson vs. Israel.* 1 *Bland,* 5, *Ringgold's case.* *Fearne on Contingent Remainders,* 535, *note.*

*Coke Litt.*, 227, *(b.)*  6 *H. & J.*, 302, *Thompson vs. McKim.* 1 *H. & G.*, 324, *Union Bank vs. Ridgely.*  5 *H. & J.*, 459, *Warfield vs. Warfield.*

2nd. The plea of usury is a plea in bar and goes to the action, and is therefore a plea to the merits, and was not offered too late.  1 *G. & J.*, 393, *Burch vs. Scott.*  *Stephen's Pl.*, 159, 274.  1 *Chitty's Pl.*, 469, 470, 477.  4 *Pet.*, 410, *Craig vs. State of Missouri.*  1 *H. & G.*, 324.  2 *Pet.*, 527, *Bank of the United States vs. Owens.*  8 *Gill*, 59, *Merrick vs. Bank of Metropolis.*  5 *Wend.*, 595, *Rice vs. Welling,* and the *Ms. Opinion of Ch. J. Taney,* in the case of *Thomas, Trustee of Lloyd, vs. Watson,* in the Circuit Court of the United States.

*E. W. Blanchard* and *James A. Buchanan* for the appellee, argued:

1st. That this appeal should be dismissed, because there is no *exception* in the case presenting any question for the review of this court.   The plea of usury tendered was *rejected*, and therefore forms no part of the *record* of the cause in the court below, which is all that an appeal from the judgment can bring up.   Where *facts* are to be brought up for the consideration of this court, they must be verified and certified to by the hand and seal of the judge who tried the case below, and without this no notice can be taken of them by this court. *Evans' Pr.*, 111, 112.   *Bac. Abr.*, 529.   *Coke Litt.*, 426. 1 *Md. Rep.*, 13, *Milburn vs. State.*  4 *Md. Rep.*, 426, *Cross vs. Hall.*

2nd. The appeal should be dismissed, because no appeal lies from the court's refusal to allow an amendment; amendments are, by the act of 1809, ch. 153, in the *discretion of the court.*  1 *Gill*, 41, *Gordon vs. Downey.*  5 *H. & J.*, 174, *Anderson vs. The State.*  2 *H. & G.*, 79, *Wall vs. Wall.*  4 *Wheat.*, 213, *Barr vs. Gratz.*  3 *Md. Rep.*, 454, *Cain vs. Warford.*  7 *Gill*, 237, *Crockett vs. Parke.*

3rd. They also argued that the plea of usury tendered was defective in various particulars, but as no decision was made upon this point the argument need not be reported.

Ellicott *vs.* Eustace.

Mason, J., delivered the opinion of this court.

One of the questions in this case, which lies at the foundation of the appellants' right of appeal, has been so often determined in our own courts, and elsewhere, as to be no longer an open question.

The present appeal was taken from the refusal of the court below to allow the defendants to amend their pleadings. It has been decided that from such a judicial act no appeal will lie, because it rests in the sound discretion of the court. In the case of *Crockett vs. Parke*, 7 *Gill*, 237, the court expressly except from the operation of the act of 1785, ch. 87, allowing the right of appeal, the cases of "motions for new trials, for the postponement or continuance of a cause, *for the amendment of pleadings*, or any other matter resting exclusively in the sound discretion of the county court."

And in the case of *Gordon vs. Downey*, 1 *Gill*, 41, the court say, that "an application for an amendment of pleadings is not a demand of a matter of right, but is an appeal to the sound judicial discretion of the court." See also 4 *Md. Rep.*, 493, and *Thomas vs. Doub*, 1 *Md. Rep.*, 252.

The same principle is recognised in a number of other cases, which we need not particularly refer to. The rule itself, and the philosophy of it, are perhaps stated more fully and satisfactorily in the case of the *Marine Insurance Company of Alexandria, vs. Hodgson*, 6 *Cranch*, 206, than in any other case that we have seen.

In what we have said we do not wish to be understood as admitting, that the present record properly presents the question which we are asked to review. We have only said that the ruling by the court below, however presented, was not a subject to be reviewed in this court, and therefore the present appeal must be dismissed.

*Appeal dismissed.*