Schulze *vs.* Fox.

(Decided 28th January, 1880.)

CHARLES SCHULZE *vs.* GEORGE FOX.

*Practice—Signing Bills of Exceptions—Pleading Limitations to an Amended Narr.—Erroneous Ruling by which Appellant is harmed.*

In a case tried at the January term, 1879, of the Court below, an order was passed on the 12th of May, 1879, which was the first day of the following term, before the adjournment of the January term, and before the calling of the May term, allowing the defendant five

days from, that date to prepare and file his exception.    On a motion
to dismiss the appeal it was HELD :

That this order was passed at the January term, and was in accord-
ance with the rule of Court, which provided, that " in every
case, unless otherwise expressly allowed by the Court, the bill of
exception shall be prepared and submitted to the Court during the
sittings of the term at which it shall have been taken."

On the 17th April, 1879, during the trial of a case for slander, insti-
tuted on the 80th September, 1878, in which the declaration
charged the speaking of certain given words, which imputed to
the plaintiff the common law crime of larceny, the plaintiff offered
testimony tending to prove that the defendant in the fall of 1877,
between one and two years before, spoke of the plaintiff certain
given words which imputed embezzlement.   Whereupon the plain-
tiff asked and obtained leave to amend, and the same day filed his
amended declaration, in which he charged the speaking of words
which imputed to the plaintiff the statutory offence of embezzle-
ment.   Upon the filing of this amended declaration the defendant
asked leave (which was refused) to file the plea of limitations to all
the counts not in the original declaration.   On the exception of
the defendant, it was HELD :

1st. That these counts of the amended declaration made an entirely
new case, and that under the circumstances the defendant had the
right to interpose the plea of limitations as a defence.

2nd. That the refusal to allow the plea to be filed, was not a matter
of discretion in the Court from which no appeal lay ; but a matter
of right, the refusal of which was a subject of appeal and review,
nor could the filing of this plea be regarded as an amendment of
the pleadings, from the allowance or refusal of which no appeal
lay.

As it was for the jury in this case, to weigh the testimony as to the
time when the words were spoken, the refusal of the Court below
to receive the plea of limitations cannot be held to have been an
immaterial error from which the defendant received no harm.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

·   .The cause was argued before BARTOL, C. J., MILLER,
ALVEY and IRVING, J.

*Alexander H. Hobbs,* for the appellant.

As to the time of signing the bill of exceptions, the appellant cited 41 *Md.,* 565; 44 *Md.,* 311, 317. As to pleading limitations to an amended declaration, he cited *Newcomer vs. Keedy,* 9 *Gill,* 266; *Griffin and Wife vs. Moore,* 43 *Md.,* 252; *Wright vs. Hollingsworth,* 1 *Peters,* 168; *Evans' Pr.,* 183.

*Albert Ritchie,* for the appellee.

The appellee moves to dismiss the appeal, because none lies from refusal to allow the defendant to amend his pleadings; and if it does, the appeal is prematurely taken. *Welsh vs Davis,* 7 *Gill,* 364.

The bill of exceptions was not filed in time. *Townshend vs. Chew,* 31 *Md.,* 247; *Insurance Co. vs. Hoeske,* 32 *Md.,* 317.

The defendant's exception has become immaterial by reason of his own subsequent testimony. *Insurance Co. vs. Stibbe,* 46 *Md.,* 302.

Plaintiff's amendment did not let in limitations. *Code, Art.* 75, *sec.* 23.

To allow the defendant's amendment or not, was within the discretion of the Court; and no appeal lies from its refusal. *Ellicott vs. Eustace,* 6 *Md.,* 506; *Deford vs. Keyser,* 30 *Md.,* 179; *Scarlett vs. Academy of Music,* 43 *Md.,* 204; *Wright vs. Hollingsworth,* 1 *Peters,* 167.

At most, limitations would not be received unless the amendment by plaintiff was material, and changed the substance of the issue. Such was not the case here. And whether the plaintiff's amendment is material, and changes the substance of the issue, or not, rests in the judgment and discretion of the lower Court, and no appeal lies. *Garret vs. Dickerson,* 19 *Md.,* 418; *Express Co. vs. Trego,* 35 *Md.,* 61; *Claggett vs. Easterday,* 42 *Md.,* 617; *Miller vs. Miller,* 41 *Md.,* 623; *Code, Art.* 75, *secs.* 24, 32.

MILLER, J., delivered the opinion of the Court.

Most of the questions arising in this case may be disposed of in considering the motion to dismiss the appeal. The reason in support of that motion, that the appeal was taken pending a motion for a new trial and before the judgment was rendered, has, by agreement of counsel, been waived and abandoned. Another ground, that the exception was not signed during the term at which the case was tried, and that the order extending the time was not passed during that term, has been relied on, but we think it very clear it cannot be sustained. The rule of Court set out in the record, provides that every bill of exceptions taken in the progress of the trial must, if required by either party, be prepared and settled before the verdict is rendered; and in every case, unless otherwise expressly allowed by the Court, the bill of exceptions shall be prepared and submitted to the Court during the settings of the term at which it shall have been taken. The case was tried at the January Term, 1879, of the City Court, and on the morning of Monday, the 12th of May, 1879, which was the first day of the following term, before the adjournment of the January term, and before the calling of the May term, the Court, upon application of the defendant, passed an order allowing him five days from that date to prepare and file his exception, and within that time it was prepared and signed. There is nothing to show that the "settings" of the January term did not continue during the whole term, and the question, therefore, is, was the order extending the time passed during that term? This question is conclusively settled by the decision in *Townshend vs. Chew,* 31 *Md.,* 247, where it was held that the term continued until the call of the next succeeding term, unless it affirmatively appeared that before that time it had, by order of the Judge, been adjourned *sine die.* In that case, a motion to strike out a judgment was made on the first day of the term next suc-

ceeding that at which it had been rendered, but before the *meeting* and *call* of the Court for that term, and it was held that this motion was made during the *same term* at which the judgment was rendered, and, consequently, no appeal would lie from the order, subsequently passed on that motion, striking out the judgment. We are unable to draw any distinction between that case and this, and therefore, hold that the order extending the time was passed during the term at which the case was tried.

The only exception taken by the appellant, the defendant below, was to the refusal of the Court to allow him to file the plea of limitations to the second, third and fourth counts of the amended declaration. The action was for slander, and was instituted on the 30th of September, 1878. The original declaration contained two counts, charging the defendant with speaking of the plaintiff words which imputed the crime of larceny. The words in the first count are : " Fox stole my guano and sold it to Dave Specht," and in the second, " he stole my.fertilizer, and sold it to David Specht." The defendant pleaded not guilty, and the trial was begun on the 17th of April, 1879. The plaintiff offered testimony tending to prove that the defendant in the fall of 1877, between one and two years ago, spoke of Fox these words; " as much as I have done for the dirty rogue, I have sent guano up from Baltimore to put on my place, and instead of putting it on my place, he sold it to Dave Specht." As soon as this testimony was delivered the plaintiff asked and obtained leave to amend, and on the same day filed his amended declaration in which the first count of the original *narr.* was retained, but three others of an entirely different character were added. Of these the second only need be stated, as the other two merely vary the words. It avers that the plaintiff was employed by the defendant in cultivating his farm in Frederick County, and in such employment was acting as the agent of the defendant, and that the defendant had

sent to the plaintiff while so employed, a large quantity of guano to be put by the plaintiff on said farm of defendant, and that the defendant falsely and maliciously spoke and published of the plaintiff these words, "Fox sold some of my fertilizer to Specht," meaning that the plaintiff had feloniously embezzled the fertilizer so sent and belonging to the defendant, and had sold the same to one Specht, and had fraudulently and feloniously appropriated the proceeds of such sale to his own use. Immediately upon the filing of this amended declaration, the defendant asked leave to file the plea of limitations to all the counts of it except the first, but this leave the Court refused.

It is very clear these counts make an entirely new case. They charge the speaking of words, which under the statements of the *colloquium,* impute to the plaintiff the statutory offence of embezzlement, and not the common law crime of larceny. The amendment was a material one, for without it the words set out in these counts could not have been given in evidence, and no case could have been made out by them against the defendant. The occasion for the amendment was brought about through no fault on his part. No continuance was allowed, and as soon as it was filed the defendant was compelled to plead at once to this amended and new declaration. We are all clearly of opinion that under the circumstances he *had the right* to interpose the plea of limitations as a defence to the new case thus made against him. It is true that according to the current of decisions in Maryland, the plea of limitations is not a plea to the merits, cannot be entered short on the docket, is never permitted to be amended, and cannot be filed after the rule day. Still it is a defence which the statute law of the State has wisely provided, and cases have arisen in which the defendant's right to interpose this plea even after the rule day, has been sustained. Thus under the state of facts that existed in the case of *Newcomer vs. Keedy,* 9 *Gill,* 263, it was held the plea

.should have been received, and the Court there say, "it is a leading principle recognized in all Courts of justice that a party shall not be deprived of his plea or defence unless the default or neglect is his own," and they reversed the judgment in that case because the Court below struck ·out the plea. But in determining that under the circumstances of this case, the defendant had the right to file this plea, we are not to be understood as deciding that every amendment of a declaration, or of any count therein opens the way for the plea where the defendant has neglected to file it originally. We declined to decide that question in the case of *Griffin and Wife vs. Moore*, 43 *Md.*, 246, and we do so now. Our decision is confined to the facts of the present case.

If then the defendant was entitled to make this defence, it follows necessarily that the refusal to allow the plea to be filed, was not a matter of discretion in the Court from which no appeal lies, but a matter of right the refusal of which is a subject of appeal and review. Nor can the filing of this plea be regarded as an amendment of the pleadings, from the allowance or refusal of which it has always been held no appeal lies. *Crockett vs. Parke,* 7 *Gill*, 237; *Gordon vs. Downey*, 1 *Gill*, 441; *Ellicott vs. Eustace*, 6 *Md.*, 506; *Deford vs. Keyser*, 30 *Md.*, 179; *Scarlett ·vs. The Academy of Music*, 43 *Md.*, 203. The amendment of a declaration or a plea is one thing, but the refusal to receive, when tendered, a plea which the defendant has the right to interpose, or the striking it out after it has been filed, is quite another. The decision in *Newcomer vs. Keedy* has settled the right of appeal in such ·cases. It has been further argued that under the present ·law as to amendments (Code, Art. 75, sec. 23,) the privilege of amending was given in order that the "case may be tried on its real merits," and as limitations is not a plea to the merits, it could not have been the intention of the Legislature, that when a plaintiff availed himself of the

privilege of amending his declaration in order to have his case tried on its merits, the door should be opened to a plea that has no merits. In answer to this argument it is only necessary to say that while the legislation embodied in the Code has enlarged to some extent the power of amendment, the Courts of this State have had the power "to order and allow amendments to be made in all proceedings whatever before verdict *so as to bring the merits of the question between the parties fairly to trial,*" ever since the Act of 1809, ch. 153. Such was the law as to the purpose for which amendments were to be allowed, when the decisions were made in most of the cases, cited by *Mr. Evans* in his book on *Maryland Practice,* (page 183,) in support of the position that this plea "cannot be amended or filed after the regular rule-day, nor can it be amended even before the rule-day, but if the plaintiff at any time amend his declaration the plea of the Statute of Limitations may be filed." It was the law when the Judges who decided these cases, framed and adopted the rules of the old County Courts to the effect that a defendant "shall not plead the Act of Limitations after the rule-day, unless the declaration shall be amended," and regulated the practice thereunder.

But it has been further argued that though there may have been error in the refusal to receive this plea, still the judgment ought not to be reversed, because it is apparent from the record it was an immaterial error from which the defendant received no injury. Nothing tending to show this is to be found in the defendant's exception, and in strictness that is the only matter before us on this appeal. If there is any thing to show it, it is contained in an exception taken by the plaintiff. Assuming we can consider this exception for this purpose, what does it show? It is an exception to the dismissal of a petition filed by the plaintiff, in which he asked the Court to insert in the defendant's exception, the "evidence of the defendant to

Schulze *vs.* Fox.

the effect that at the time of his arrest, upon which occasion the plaintiff's witnesses testified that the alleged words were spoken, was about the first day of November, 1877." It is insisted therefore that by the defendant's own admission the words were spoken within a year before the suit was instituted, and hence if the plea of limitations had been admitted it would not have barred the action. It is plain, however, that the plea would have availed the defendant if the jury believed from all the evidence in the cause that the words were spoken at any time prior to the 30th of September, 1877. The plaintiff's witnesses testified they were spoken "in the fall of 1877, between one and two years ago," while the defendant, as witness, testified, they were spoken "*about* the first day of November, 1877." It was for the jury to weigh this testimony, to consider the accuracy of recollection displayed by the witnesses on both sides, and to determine the credit to be given to each ·of them. We. cannot say that from this testimony they might not have found, and rightfully found, the averment of the plea to be true. In view of these considerations it is impossible for this Court to ascertain from the record and declare that no harm was done the defendant by this erroneous ruling. It has been the practice of this Court, established by a series of decisions, not to reverse on exceptions, which in the progress of the trial have become immaterial, nor where it *plainly appears* from the record that the appellant has sustained no injury from the errors complained of, and we are not disposed to circumscribe the limit of decision in that direction. But, as we have shown, this is a case in which the province of the jury would be clearly invaded, and possible harm done the appellant by a refusal to reverse.

> *Judgment reversed, with costs,*
> *and new trial awarded.*

(Decided 28th January, 1880.)