P. M. SPENCER and GEORGE DONAHOO, Trading as
P. M. Spencer & Co.,

*vs.*

THE BALTIMORE AND OHIO RAILROAD COM-
PANY and THE AMERICAN BRIDGE COMPANY.

*Declarations: amendments; amounting to new form of action;
change from case to trespass; limitations may be interposed.*

Where an amended declaration introduces a different claim
and demand, it is equivalent to a new suit, upon a new cause of
action, and opens the suit to the plea of the bar of the statute of
limitations.                              p. 201

In such a case, if sufficient interval should have elapsed be-
tween the time of the filing of the original declaration and the
filing of the amended declaration, equivalent to a new suit, the
plea of limitations is available and proper.            p. 201

Where an original declaration alleged that the damages there-
in set out were caused by the negligent location, construction
and maintenance of the defendant's railroad bridge, and an
amended declaration changed the plaintiff's right to recovery
from negligence to trespass to real and personal property, with
counts for the indirect injury, it was: *Held,* that the amend-
ments were based upon a new cause of action, equivalent to a
new suit, and to such amended declaration the plea of limita-
tions could be legally interposed.                p. 201

By sections 3 and 24 of Article 75 of the Code, it is sufficient
if the substance of the pleadings there given be used, without
reference to mere questions of form.              p. 202

Where a declaration was filed in February, 1914, a plea of limitations, concluding that the alleged cause of action did not accrue within three years prior to February, 1914, instead of concluding "before this suit," is sufficient.                    p. 202

*Decided April 21st, 1915.*

Appeal from the Circuit Court for Harford County. (Harlan, J.)

The facts are stated in the opinion of the Court.

The following are the counts in the 4th amended declaration that the Court directed should be printed in the report of the case:

"*First*—For that the defendants on or about the twenty-third day of January, 1910, broke and entered certain land of the plaintiffs of which land they were then and there in actual and rightful possession, situate in the town of Lapidum, in Harford County, in the State of Maryland, in the northern part of said town, on the west shore of the said Susquehanna river, consisting of about one and one-half (1½) acres of ground, more or less, improved by two dwelling houses, a stable and outbuildings, and also of a salting plant situate on the west shore of said river, in said town of Lapidum, on the land of one William F. Cook, being about two and one-half (2½) miles north of the town of Havre de Grace, in said county, and that said defendants flooded said land with water, and rendered the same unfit for occupancy or any beneficial use.

"*Second*—And for that the defendants erected certain obstructions in and about the construction, reconstruction and maintenance of the Baltimore and Ohio Railroad bridge across the Susquehanna River between the Counties of Harford and Cecil, in the State of

Maryland, and along the line of the railroad of the
Baltimore and Ohio Railroad Company, defendant,
and thereby caused a gorge to form on or about the
23rd day of January, 1910, in said river, at or about
the said bridge, which said obstruction, consist-
ing of said bridge and the appurtenances, additions,
appliances, piers and piles used, erected or constructed
in connection with said bridge and the construction
or reconstruction of the same, impeded and obstructed
the natural and accustomed flow of water and the free
passage of ice down and along said river, and caused
large bodies of water and ice to be thrown upon the
property of the plaintiffs, situate in part upon their
lands aforesaid, in the town of Lapidum, and in part
a dwelling house and other buildings in the said town,
whereby the plaintiff's property, consisting in part of
real estate situate as aforesaid, in said town of Lapi-
dum, in Harford County, in the State of Maryland,
and in part of vats, boats, sheds, seines, floats, barrels,
ropes, oars, fishing tackle and supplies used in a fish-
ing trade situate at, upon or near the aforesaid lands
of the plaintiffs, was greatly damaged, injured and in
part totally destroyed."

The cause was argued before BOYD, C. J., BRISCOE, BURKE,
THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE,
JJ.

*Wm. H. Surratt* and *Wilton Snowden, Jr.,* for the appel-
lants.

*S. A. Williams* and *Wm. C. Coleman* (with whom were
*Duncan K. Brent* and *Semmes, Bowen & Semmes* on the
brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This case is before us for the second time. The first
appeal was taken from the action of the Circuit Court for

Harford County, in overruling the plaintiffs' demurrers to certain pleas interposed by the defendants, in the progress of the trial.

There was no final order or judgment on the first appeal from which an appeal could be taken, and the defendants' motion to dismiss prevailed, and the appeal was dismissed by this Court, on the 4th of December, 1914. (See same case, No. 79, Court of Appeals, October Docket, 1914.)

The case is now properly before us on the plaintiffs' appeal from a final judgment in favor of the defendants and from which judgment the plaintiffs have taken this appeal.

The questions in the case arise solely upon the pleadings. They are not only somewhat lengthy, but positively voluminous, and the record contains numerous demurrers, pleas, motions, replications and exceptions.

There were four declarations filed in the case, one original and three amended ones, claiming damages from $3,000, in the first, to $5,000, in the third, and to $6,000 in the fourth.

These declarations were separately demurred to by each of the defendants, and the demurrers sustained, except to the plaintiffs' third amended declaration, and to this, they were overruled. Thereupon, each defendant filed seven pleas, and the plaintiffs demurred to each of these pleas except the first, which was the general issue plea. These demurrers were overruled, and the plaintiffs refusing to reply to the defendants' pleas, a judgment, by default, was entered against them in favor of the defendants.

The pleadings involved at the trial, on the amended declaration as shown by the docket entries are as follows: Feb. 19, 1914, leave granted to file amended declaration, and amended declaration filed. March 25, 1914, demurrer to B. & O. R. R. Co. and demurrer of Am. Bridge Co. to 3rd amended declaration. April 10, 1914, demurrer of each defendant heard and overruled, with leave to each defendant to plead. April 13, 1914, plea of B. & O. R. R. Co. and plea

of Am. Bridge Co., filed. April 22, 1914, plaintiff's replica-
tions to pleas of each defendant, joins issue on 1st, 6th and
7th pleas and demurs to 2nd, 3rd, 4th and 5th pleas. May
2, 1914, leave granted to withdraw joinder of issue to defend-
ant's 6th and 7th pleas in each case, and demurrer to same.
May 2, 1914, all demurrers in each case overruled. May 9,
1914, motion by plaintiff of *ne recipiatur* as to defendant's
6th and 7th pleas. June 20, 1914, application of defendants
for leave to withdraw their 2nd and 3rd pleas and file in lieu
thereof four additional pleas to be numbered 8, 9, 10 and 11,
respectively, and order of Court granting permission. June
20, 1914, additional pleas Nos. 8, 9, 10 and 11 of defendants
filed. June 27, 1914, order of plaintiff to enter an appeal
to the Court of Appeals from the order of Court of May 2nd,
1914, overruling demurrers of the plaintiff to the pleas of the
defendants. July 9, 1914, motion *ne recipiatur* by plaintiff
as to certain pleas of defendants heretofore filed "with-
drawn." September 24, 1914, record sent to Court of Ap-
peals of Maryland. October 7, 1914, opinion of Court that
judgment be entered in favor of defendants by default and
order of Court that this be done. October 7, 1914, judgment
in favor of defendants under order of Court. December 5,
1914, order of plaintiff to enter an appeal to the Court of
Appeals from the order entering judgment under date Octo-
ber 7, 1914. January 5, 1915, mandate from Court of Ap-
peals of December 4, 1914, viz: "Appeal dismissed by the
Court," received and filed.

In the view we take of this case, it would answer no good
purpose to discuss in detail or at length, the various ques-
tions of pleading sought to be raised by the record because it
is clear that if the defendants' sixth and seventh pleas, to the
plaintiffs' third amended declaration are good and valid
pleas, they constitute a good defense, and would defeat the
plaintiffs' right of recovery.

The sixth and seventh pleas are pleas of limitations and
are as follows:

(6) That the alleged damages claimed by the plaintiff did not accrue within three years prior to February 19, 1914.

(7) That the alleged cause of action did not accrue within three years prior to February 19, 1914.

The Court below overruled the demurrers to these pleas and held that upon the record, they presented a valid defense to the plaintiffs' action, and in these rulings we concur.

The suit, it will be seen, was brought by the plaintiffs, residents of Harford County, against the defendants, The Baltimore and Ohio Railroad Company, a body corporate, operating a line of railroad in the State, and The American Bridge Company, a New York corporation, but doing business in this State.

The original declaration was filed on the 18th of January, 1913, and the suit was instituted for the purpose of recovering damages for the alleged negligence of the defendants in the location, construction and maintenance of a bridge across the Susquehanna river between the counties of Harford and Cecil, near Havre de Grace, Maryland, whereby the natural flow of water and free passage of ice down and along the river was impeded and obstructed and which caused the ice to gorge in the river, overflow and damage the property of the plaintiff on or about the 23rd of January, 1910.

The conclusion of the original, the first and second amended declarations, is in substance as follows: And the plaintiffs say that the damage set forth in the above several counts and in each of them, was caused by the negligence, unskilfullness and want of care on the part of the defendants or either or both of them, their officers, agents, servants and employees, and without any negligence or want of care on the part of the plaintiffs.

On the 19th of February, 1914, more than four years after the alleged ice gorge, the plaintiff by leave of Court, filed a third amended declaration, which was the fourth declaration in the case, changing the cause of action from one in case for negligence to one in trespass to real and personal property.

This declaration contains three counts, the third of which is as follows (the Reporter will set out the first and second counts in his report of the case) : "For that the defendants, The Baltimore and Ohio Railroad Company and 'The American Bridge Company, during the years 1907, 1908, 1909 and 1910, so located, constructed, reconstructed and maintained the bridge of the Baltimore and Ohio Railroad Company, defendant, across the Susquehanna River, between the counties of Harford and Cecil, in the State of Maryland, as to obstruct by means of said bridge and the appurtenances, additions, appliances, piers and piles used, erected or constructed in connection with said bridge, and the construction and re-construction of the same, the natural and accustomed flow of water and the free passage of ice down and along the said Susquehanna River, and so as to cause an ice gorge to form in said river at or about said bridge on or about the 23rd day of January, 1910, thereby causing the water of said river to back up and overflow and flood the property of the plaintiff mentioned and described in the above first and second counts, and greatly damaged the same. And the plaintiffs say that the damage set forth in the above several counts and in each of them was caused by the defendants, their officers, agents, servants and employees, and the plaintiffs claim $6,000 damages."

This brings us to the controlling question in the case, and that is, whether or not the plaintiffs' third amended declaration filed on the 14th of February, 1914, so changed the cause of action as to entitle the defendants to plead the statute of limitations thereto.

The rule is well settled in this State, and in other jurisdictions, that where an amended declaration introduces a new or different cause of action and makes a different claim and demand, it is equivalent to a new suit, upon a new cause of action, and opens the case to the bar of the statute of limitations and the plea is proper and available, and this rule applies although the two causes of action arise out of the same transaction.

As was said, by the Supreme Court of Pennsylvania, in the case of *Crier Bros.* v. *Northern Assur. Co.,* 183 Pa. 334: "The doctrine that a new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a fatal and material defect in the pleadings be corrected, after the Statute of Limitations has become a bar, is so familiar to the profession, and has been declared by this Court, and by the Courts of last resort of many other States of the Union, so frequently, that an extended review of the authorities is quite unnecessary."

The rule has been enforced and applied, in the following cases in this Court: *Schultze* v. *Fox,* 53 Md. 37; *Western Tel. Co.* v. *State,* 82 Md. 293; *Hamilton* v. *Thirston,* 94 Md. 253; *Di Giorgio Co.* v. *Stock,* 116 Md. 201; *Schuck* v. *Bramble,* 122 Md. 411.

The decisions of the Supreme Court of the United States and many of the appellate Courts of the States, sustain and announce the same doctrine. *Sicard* v. *Davis,* 6 Peters, 140; *Texas Pac R. Co.* v. *Cox,* 145 U. S. 593; *Union Pacific Ry.* v. *Wyler,* 158 U. S. 285; *Johnson* v. *District,* 1st Mackey, D. C. 428; *Railroad Co.* v. *Smith,* 81 Ala. 229; *Mumma* v. *Mumma,* 92 Atl. Rep. 504.

In the case at bar, it will be observed, that the original and two amended declarations allege that the damage set out therein was caused by the negligent location, construction and maintenance of the bridge of the railroad company by both the defendants. The last amended declaration proceeds upon an entirely different theory of liability and changed the plaintiff's right to recover from negligence to trespass to real and personal property with counts in case for the indirect injury.

It is, therefore, clear that the third amended declaration (the fourth declaration), was based upon a new cause of action and was equivalent to a new suit and the defendants under the authorities cited, had the right to interpose the plea of limitations as a defense to the new case against them.

The Court therefore committed no error in holding these pleas to be sufficient and in overruling the plaintiff's demurrer to these pleas.

As to the plaintiff's contention that the pleas of limitations are defective and bad in form, because they each conclude "prior to February, 1914" instead of "before this suit," we need only say, that the pleas are set out in the opinion and it will be seen that they sufficiently state the defense relied upon by the defendants, to comply with the statute.

By section 3 of Article 75 of the Code, it is provided, that any plea necessary to form a legal defense shall be sufficient without reference to mere form, this to apply to replications, rejoinders and all subsequent pleadings. Section 2 of Article 75, Code of P. G. L.

By section 24 of Article 75 of the Code, it is also provided, "the forms of pleadings which follow shall be sufficient and the like forms may be used with such modifications as may be necessary to meet the facts of the case, but nothing herein contained shall render it erroneous or irregular to depart from said forms so long as substance is expressed." *Gott* v. *State,* 44 Md. 336; *Wallace* v. *Schaub,* 81 Md. 594; *Brooks* v. *Preston,* 106 Md. 693.

We hold, therefore, that the statute of limitations was properly pleaded in this case, and as it constitutes a complete bar to the plaintiff's right of recovery, it will not be necessary to consider the defenses presented by the other pleas.

Finding no error in any of the rulings of the Court, and as the plaintiff refuseed to reply to the defendant's pleas, after the demurrers were overruled, judgment in favor of the defendants by default was properly entered by the Court, and it will be affirmed.

*Judgment affirmed, with costs.*