# BALTIMORE CITY COURT.

Filed May 24, 1927.

ANNA HELEWICZ
VS.
HELEN SKARZYNSKE.

*Ellis Levin* and *Meyer Reamer* for plaintiff.

*J. Calvin Carney* for defendant.

FRANK, J.—

The fourth amended declaration was filed herein on the twenty-eighth day of February, 1927. The question herein involved arises on demurrer thereto. There are three counts to the fourth amended declaration, each charging the publication of slanderous words on or about the tenth day of August, 1925. It is apparent, therefore, that this declaration was filed more than a year after the publication of the defamatory words.

The third amended declaration had been filed on April 21, 1926, which, of course, was well within the period of limitations.

The demurrer under discussion here raises the question of limitations, thus apparent on the face of the fourth amended declaration. If the cause of action set out in the fourth amended declaration is to be regarded as a new or different cause of action from that set up in the third amended declaration, the defense of limitations will apply. If, however, the amendments do not constitute a new cause of action, limitations will not apply, and the demurrer must be overruled.

The rule in this State governing this matter is well expressed in the opinion in the case of Spencer vs. Baltimore & Ohio Railroad, 126 Md. 194, at page 200, and the authorities therein cited: "The rule is well settled in this State, and in other jurisdictions, that where an amended declaration introduces a new or different cause of action and makes a different claim and demand, it is equivalent to a new suit, upon a new cause of action, and opens the case to the bar of the statute of limitations and the plea is proper and available and this rule applies, although the two causes of action arise out of the same transaction."

The question to be determined, therefore, is whether or not the cause of action set forth in the fourth amended declaration is a new cause of action. Both the third and fourth amended declarations allege the publication of words with respect to the female plaintiff which are rendered actionable per se by the provisions of Article 88 of the Code of Public General Laws.

The fourth amended declaration alleges the publication of words spoken in the Polish language. The third amended declaration alleges the publication of words, likewise impugning the chastity of the female plaintiff, but spoken in the English language. Without discussing whether or not there is such a substantial change in the de-

famatory matter as set forth in the fourth amended declaration as would render it a new cause of action as compared with the words alleged in the third amended declaration, as to which no opinion is expressed, I have reached the conclusion that the allegation of words as spoken in Polish, even though having the identical meaning with words spoken in English, must be regarded as setting up a new and different cause of action. One of the tests applied by the authorities in this connection is whether the same evidence not objected to would support a judgment rendered upon either statement, and another test is could a judgment under one declaration be successfully pleaded as a former adjudication against a cause of action set up in the other declaration. Subjected to each of these tests, I am of the opinion that the fourth amended declaration sets up a different cause of action. Proof of words spoken in Polish would not support a judgment rendered upon proof of words spoken in English; nor could a judgment rendered upon the words spoken in English be pleaded as res adjudicata in an action upon the the words spoken in Polish.

I hold, therefore, that the counts of the fourth amended declaration set forth a new and different cause of action from that contained in the third amended declaration, and that the defense of limitations is properly made by the demurrer.

The case in Maryland which bears the closest analogy to that now under discussion is that of Schultze vs. Fox, 53 Md., page 37. In that case the declaration contained a charge of larceny. An amendment changing the charge to embezzlement was held to set forth a new cause of action. The case of Schultz vs. Short, 201 Illinois Appeals, 74, involved the identical question now under consideration. In the original declaration in that case the words were alleged to have been spoken in the English language. The amended declaration alleged that they were spoken in the German language. Prior to the filing of the amended declaration, limitations had expired. It was held that the amended counts of the declaration set forth a new and different cause of action from that contained in the original declaration, and that the lower Court erred in sustain-

ing a demurrer to the plea of the statute of limitations.

The demurrer to the fourth amended declaration herein is, therefore, sustained. As it is not apparent how the vice of limitations could be cured by demurrer, leave to amend will not be granted, although if application so to do is made, it will receive consideration.