WILLIAM G. SCARLETT *vs.* THE ACADEMY OF MUSIC OF BALTIMORE CITY.

*Amendment of Pleadings by Interlineation—Art.* 75, *secs.* 23 *and* 24 *of the Code—The allowance of an Amendment to Pleadings, if within the power of the Court to make it, not the subject of an Exception or of revision on Appeal—Objection to the admissibility of Evidence—Presumption in respect to Bills of Exception—Action by a Corporation against a Subscriber to its Stock— Evidence of the Demand or Notice required by sec.* 65, *of Art.* 26 *of the Code, necessary to Support such Action.*

Under the Code, Art. 75, secs. 23 and 24, the Court has ample power to allow an amendment to be made in open Court during the progress of the trial, and after the close of the evidence, by inserting certain words in the declaration to which the defendant had pleaded.

Scarlett *vs.* The Academy of Music.

The allowance of an amendment, provided it be within the power of the Court granting the leave to make it, is not the subject of an exception, nor of review by the Court of Appeals.

It is incumbent on the party objecting to the admissibility of evidence, to show such a state of facts as would render the evidence objected to inadmissible.

The book or record of the proceedings of a Board of Directors, was used at the trial by the plaintiff, and a witness was allowed to read from it to show what had been done by the Directors. There was nothing to show that either the Court or the jury were refused the right to inspect it, or that the defendant was denied the right to inspect it and cross-examine as to its contents. On exception to the evidence, because the book was not formally and actually given in evidence, it was HELD:

That this was unnecessary inasmuch as the book from the moment it was identified and became the source of evidence to the jury, was liable to be treated as evidence in the cause.

Where an exception is taken in the Court below involving the sufficiency of evidence, this Court must suppose that all the evidence, if any, in relation thereto has been incorporated in the bill of exception, according to the 5th Rule respecting Appeals, (29 *Md.*, 2.)

Section 65, of Article 26 of the Code, provides that the directors or managers of any Corporation created under that Article may call in and demand from the stockholders all sums of money by them subscribed, at such times and in such payments and instalments as they the directors or managers may deem proper, under penalty of forfeiting the shares subscribed, and all previous payments made thereon, if payment shall not be made by the stockholders within ninety days after personal demand or after notice requiring such payment, published in a newspaper printed nearest to the place where the principal office of the corporation is located. In an action by a corporation against a subscriber to its stock for an assessment upon the stock subscribed by him, the bill of exceptions showed that it was proved by the treasurer and secretary, that the Board of Directors had authorized the assessment and collection from the stockholders of certain instalments due on their stock at specified times, the last of which instalments being due and payable on the 10th of September, 1873, and that "said instalments were so called in as directed." There was no proof as to the character of the notice and demand of payment of the assessment, and it did not appear by the evidence whether there was any notice given or demand made of any sort. On exception to the sufficiency of the evidence to prove the demand and notice required by sec. 65, Art. 26 of the Code, it was HELD:

1st. That there was no sufficient evidence of such demand or notice.

2nd. That the necessity for said demand or notice was not confined to cases where the corporation is proceeding for the forfeiture of the stock, but such demand or notice was a condition precedent to the right of the corporation to sue for assessments on the stock,

APPEAL from the Baltimore City Court.

This suit was instituted by the appellee, in the Baltimore City Court, against the appellant to recover the last three instalments of the subscription of the latter, for ten shares of the capital stock of the former, suit for the first instalment thereof having been previously instituted in the Superior Court of Baltimore City and judgment recovered, which has been entered, subject to this appeal. The suit was brought on a contract, by which the appellant agreed to pay five hundred dollars for ten shares of the capital stock of the appellee, or at the rate of fifty dollars per share, in such instalments, and at such times as might be fixed by the Board of directors. The subscription, however, was not to be binding, until stock amounting in the aggregate at par to $200,000 should be subscribed.

*First, Second and Third Exceptions,* are stated in the opinion of the Court.

*Fourth Exception:* After all the evidence had been given, the defendant prayed the Court to instruct the jury as follows:

1. That there is no sufficient evidence offered by the plaintiff, that the defendant subscribed for ten shares of stock in this corporation, and that the assessments were duly made by the Board of directors, and notice thereof given to the defendant before the institution of this suit, and therefore the plaintiff cannot recover.

2. That the plaintiff having offered in evidence by its witness, the treasurer and secretary of the plaintiff, that stock to the amount of $260,000, and not more, was subscribed for up to the present time, therefore the corporation

had no authority in law to call in from the subscribers assessments or payment on account of stock subscriptions.

3. That there is no proof in this case, that the plaintiff ever tendered itself ready and willing to transfer the stock in question to the defendant, prior to the bringing of this suit, and that such offer on the part of the plaintiff was necessary in order to entitle the plaintiff to sue for the sub-.scription money under the pleadings in this case.

4. That the plaintiff having offered in evidence an amendment of its charter, altering in a material manner the rights and responsibilities of stockholders, such alteration, without the knowledge or consent of the defendant, relieves him from any obligation to pay the claim in this case.

5. That there is no evidence in this cause of the notice for payment required by section 65 of the General Incorporation Law of 1868, ch. 471, having been complied with, and the plaintiff cannot recover in this suit.

6. That there is no sufficient evidence in this cause that stock was subscribed before the bringing of this suit, to the amount of $200,000, as mentioned in the contract offered in evidence; the Act of 1868, in sec. 67, making it obligatory upon the corporation to keep a book containing the names of the stockholders.

7. That the declaration in this case is insufficient to entitle the plaintiff to recover a verdict, in view of the evidence which has been offered, because there is no averment in the *narr.* that the amount mentioned in the contract was subscribed for at the time of the calling in the instalments on the stock subscription in question sued for in this case.

8. That even if the jury shall find all the facts set forth in the instruction given to the jury by the Court, yet the plaintiff cannot recover in this case under the pleadings.

9. That there is no evidence that the plaintiff gave any notice to the defendant calling upon him to pay the instal-

ments ordered in this case, or demanded for the same at any time, and for this reason, the plaintiff cannot recover in this case under the pleadings.

The Court, (BROWN, J.,) refused all the defendant's prayers and instructed the jury as follows :

If the jury believe that the defendant subscribed for ten shares of the capital stock of the plaintiff, under the contract of subscription offered in evidence, and that two hundred thousand dollars of said stock was subscribed for and paid to the plaintiff before the instalments sued for in the declaration in this cause were called in ; and if the jury shall futher find, that said instalments were called in, in the manner and at the times given in evidence by the plaintiff, then the plaintiff is entitled to recover the amount of said instalments with interest thereon from the dates respectively when they became due and payable.

The defendant excepted. The jury rendered their verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before STEWART, BOWIE, GRASON, ALVEY and ROBINSON, J.

*B. C. Barroll,* for the appellant.

*H. C. Kennard,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

1. The first exception taken by the defendant in this case, was to leave given the plaintiff to amend its declaration in open Court, during the progress of the trial, and after the close of the evidence, by inserting certain words in the declaration, to which the defendant had pleaded. The amendment was made, and the trial proceeded.

As to the power of the Court to allow the amendment to be made at that stage of the trial, we suppose there can

be no question.    The Code, Art. 75, secs. 23 and 24, gives the amplest power to allow any amendments to be made at any time before the jury retiré to make up their verdict, in cases of jury trial, and in cases of demurrer and other trials before the Court, at any time before judgment is entered; and it is declared that no continuance shall be granted, upon amendments made, but that the case shall proceed as if there had been no amendment, unless the Court be satisfied that the ends of justice require a continuance.

The particular objection here, as we understand it, was to the mode of making the amendment; that is, by inserting or interlining the amendment in the original declaration on file.   But this is the constant practice, and it has been expressly sanctioned by this Court, in the case of *Lohrfink vs. Stile*, 10 *Md.*, 535, where it was said by the Court, that "the amendment must actually be made, either by altering the declaration in the cause, or by filing a new one."

In regard to this question, however, it is proper to say, that the allowance of an amendment, provided it be within the power of the Court granting the leave to make it, is not the subject of an exception, nor of review, by this Court.    This has been repeatedly decided.    *Ellicott vs. Eustace*, 6 *Md.*, 506; *Warren vs. Twilley*, 10 *Md.*, 39; *Calvert vs. Carter*, 18 *Md.*, 108.

2. By the second exception of the defendant, it appears that his subscription to the stock of the plaintiff was coupled with the condition, that it should not be binding until stock amounting in the aggregate at par to $200,000 had been subscribed.    And after giving in evidence the subscription list, embracing the subscription of the defendant, the plaintiff, for the purpose of showing the amount that had been subscribed to the stock, offered to prove by Mr. Cohen, its treasurer and secretary, that payments to the stock had been actnally made to the amount of about

$260,000, and the witness furnished a list of the subscribers to said stock who had paid their subscriptions, the amount paid by them being set opposite their respective names. To the admissibility of all this evidence the defendant objected, but the Court overruled the objection, and allowed the evidence to be given.

It is not easy to perceive the ground upon which this exception was taken. It is not stated that Mr. Cohen's evidence was at all dependent upon the list of subscribers exhibited by him; nor that the list itself was a copy, or that it was not an original list. If Mr. Cohen had independent personal knowledge of the amount of stock paid in, which the language of the exception would seem to import, or if the list exhibited was an original list made by him, from his personal knowledge of the facts therein stated, there is no principle that would exclude such evidence. As therefore, there is nothing stated in the exception to show that the facts proposed to be proved by the witness were not within his personal knowledge, or that the list used was of a secondary character of evidence, this Court is of opinion that there was no error in admitting the evidence offered; it being incumbent upon the party objecting to the admissibility of evidence to show such state of facts as would render the evidence objected to inadmissible.

3. The third exception was taken to the admissibility of the evidence offered to show that the plaintiff, by its board of directors, had made regular calls upon the stock subscribed; and the point of the exception seems to have been, that the book, or record of proceedings, was not formally and actually given in evidence, though the witness was allowed to read from it, to show what had been done by the directors. The book, however, was used in the trial, and it does not appear that either the Court or the jury were refused the right to inspect it, or that the defendant was denied the right to inspect it, and cross-examine

as to its contents. The book, from the moment that it was identified, and became the source of evidence to the jury, was liable to be treated as evidence in the cause; and the defendant was entitled to inspect and cross-examine in respect to it; and it does not appear that either of these rights was denied him. We therefore approve the ruling, as stated in this exception.

4. With respect to the fourth exception we think there was error. By the fifth and ninth of the defendant's prayers, which were rejected, the Court was requested to instruct the jury that there was no sufficient evidence of notice or demand of payment of the assessment made upon the stock subscribed by the defendant, such as that contemplated by the 65th section of the 26th Article of the Code, under the provisions of which Article the plaintiff was incorporated.

The question having been thus distinctly made, we must suppose that all the evidence, if any, in relation thereto, has been incorporated in the bills of exception, according to the requirement of the 5th rule respecting appeals; 29 *Md.*, 2; and the only evidence disclosed by the record that at all bears upon the question is that set out in the third exception. It was proved by Mr. Cohen, the secretary and treasurer of the plaintiff, that the board of directors had authorized and directed the assessments and collections from the stockholders of certain instalments due on their stock, at specified times, the last of which instalments being due and payable on the 10th of September, 1873, and that "said instalments were so called in as directed." There is nothing said as to the character of the notice and demand; and we are unable to gather, from the statement of the evidence in the exception, whether there was notice given or demand made of any sort.

By the 65th section of the Article of the Code referred to, it is provided that the directors or managers of any corporation created under that Article, may call in and

demand from the stockholders, all sums of money by them subscribed, at such times, and in such payments and instalments as they, the directors or managers, may deem proper, under penalty of forfeiting the shares subscribed, and all previous payments made thereon, if payment shall not be made by the stockholder within ninety days after *personal demand,* or after *notice* requiring such payment, published in a newspaper printed nearest to the place where the principal office of the corporation is located. According to our construction of the statement in the bill of exception, there was no sufficient evidence given of any such demand or notice, and therefore the instructions as to this question asked by the defendant should have been granted.

It was contended on the part of the plaintiff that this provision of the statute is only applicable where the corporation is proceeding for the forfeiture of the stock. But that is not the construction that has been placed upon that section of the statute by this Court. In the case of *Hughes vs. Antietam Manf. Co.,* 34 *Md.,* 316, it was expressly held, that such demand or notice was a condition precedent to the right of the corporation to sue for assessments on the stock; and, independently of any statutory requirement upon the subject, it would appear, both upon reason and authority, that such demand or notice is necessary. *Miles vs. Bough,* 3 *Q. B.,* 845; 1 *Redf. on Railw.,* 148.

The other prayers offered on the part of the defendant we think were properly rejected by the Court below.

It follows that the judgment appealed from must be reversed, and a new trial awarded.

> *Judgment reversed, and*
> *new trial awarded.*

(Decided 24th June, 1875.)