## ISAAC N. HEARN ET AL., *vs.* JOHN S. QUILLEN.

*Negligence—Fall of Roof of Building in Course of Construction—Independent Contractor—Fellow Servants—Sufficiency of Declaration —Amendment of Pleading—Evidence—Instructions.*

A declaration is sufficient in law which sets forth that plaintiff was employed to work in defendant's saw mill and while so engaged and using due care he was injured by the falling upon him of the roof of a building being erected by the defendants over the mill in consequence of its insufficiency, and that defendants did not exercise due care in the premises.

The amendment of pleadings in an action at law is a matter within the discretion of the trial Judge, and no appeal lies from his refusal to allow a plea to be amended in a particular manner.

In an action against two persons to recover damages for an injury alleged to have been caused by their negligence, the declaration described the

defendants as partners, but did not allege that on account. of the partnership either was liable for an injury caused by the other. *Held*, that evidence that the defendants were not partners at the time of the injury was properly rejected since the question of partnership *vel non* was not material to the issue made by the pleadings.

A man employed to assist in the operation of a saw mill is not a fellow-servant with a carpenter employed to erect a shed over the mill.

Plaintiff while at work in defendant's saw mill was injured by the fall of the roof of a shed which defendants were erecting over the mill. The carpenter who built the shed was not shown to have been an independent contractor. In an action to recover damages, *held*,

1st. That the jury was properly instructed at the instance of the plaintiff that if the fall of the roof was occasioned by the want of ordinary care in its erection, then the plaintiff is entitled to recover if he was free from negligence.

2nd. That prayers instructing the jury that if defendants employed a competent carpenter to erect the shed they are not liable for the ·injury to the plaintiff were properly refused because they are defective in not requiring the jury also to find that the shed was erected by a competent builder under an independent contract giving him exclusive control over the work and also because they apply to defendants' duty to furnish to plaintiff a reasonably safe place in which to work, the same limitations which would affect defendants' liability to third persons if any such had been injured by the fall of the roof.

3rd. That a prayer instructing the jury that if the plaintiff's injury was caused by the negligence of other servants of the defendants in constructing the shed, he is not entitled to recover unless they find that the defendants did not use reasonable care in selecting the other servants, was properly refused because the evidence did not show that the other servants whose negligence caused the injury were fellow-servants with the plaintiff and engaged in the same general business.

4th. That the fact that the roof fell while the building was being constructed, was until otherwise explained, *prima facie* evidence of negligence, and therefore the evidence was legally sufficient to take the case to the jury.

Appeal from the Circuit Court for Wicomico County (HOLLAND, J.) The jury rendered a verdict for the plaintiff for $1,500.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*James E. Ellegood* and *Wm. F. Johnson* (with whom was *Wm. G. Kerbin* on the brief), for the appellants.

*E. Stanley Toadvin* and *Robley D. Jones* (with whom were *O. D. Collins* and *G. W. Bell* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee was employed by the appellants as an assistant sawyer in operating a steam. saw-mill owned by them. While working at the mill he was seriously injured by the falling in upon him of the roof of a house or shed which the appellants were having erected over the mill.

The roof when it fell was in process of construction by two men named respectively Esham and Walston. The evidence tended to show that Esham was a boss carpenter and knew how to build houses, but it does not appear that he was erecting the shed as an independent contractor. Neither does the record show. that Walston was employed by him or was under his exclusive direction or control. On the contrary there was evidence tending to show that Walston was employed by the defendants.

The frame of the roof rested upon posts set in the ground. Esham testified that he had nothing to do with the setting of these posts, but that they had been erected some days before under the supervision of the defendant, Isaac N. Hearn. The latter admitted in his testimony that he might have been present at the setting of some of the posts and made some suggestions in reference thereto, but said those were not the posts on which the portion of the roof that fell in rested.

There was also evidence tending to prove that before the accident happened Esham, the carpenter, suggested to the other defendant, I. Thomas Hearn, that the corner post of the shed was dangerous and should be braced, but the suggestion was not acted on and later in the same day the roof fell in.

The appellee sued the appellants for damages for the injury inflicted upon him by the fall of the roof and the verdict and judgment being in his favor the present appeal was taken from the judgment.

The declaration filed in the case was as follows: " In the Circuit Court for Worcester County.

" Worcester County, to wit : John S. Quillen, by Collins & Jones, his attorneys, sues Isaac N. Hearn and Isaac T. Hearn, partners, trading under the name and firm of I. N. Hearn & Son, for that the said defendants, on the twenty-ninth day of November, in the year eighteen hundred and, ninety-nine, were in possession of a steam saw-mill, situated in Worcester County, and were running and managing the same in the manufacture of lumber, and that John S. Quillen, the said plaintiff, by reason of the insufficiency of the house, then and there being built by the said defendants as a covering for said mill, in and about which the said John S. Quillen was then employed by the defendants, was greatly injured by the falling of said house, and the defendants did not use due care in reference to the said house, but the said John S. Quillen did use due care, wherefore the plaintiff brings this suit and claims ten thousand dollars.    Collins &. Jones, plaintiff's attorneys."

The appellants demurred to this declaration as being insufficient and the Court overruled the demurrer.    We think the demurrer was properly overruled.    The declaration although brief contains all of the allegations essential to the plaintiff's case and substantially gratifies the requirements of the Code in reference to the form of pleading to be used in cases like the present one.    It avers the plaintiff's employment by the defendants to labor in their saw-mill, and that while he was engaged in performing the labor at the mill in the exercise of due care he was greatly injured by the falling upon him, by reason of its insufficiency, of the roof being erected by the defendants over the mill and that the defendants did not use due care in the premises.    The *venue* is properly stated and there is a claim for damages at the end of the *narr.* in the usual form and the pleading is signed by the plaintiff's counsel.

The demurrers having been overruled the defendants pleaded separately.    They both pleaded *non cul* and one of them, Isaac N. Hearn, filed a second plea averring that at the time of the alleged injury he had no interest in the property mentioned in the declaration.    He afterwards asked leave of the Court to amend his second plea and permission having been granted

him to do so he filed as an amended plea one which averred that at the time of the occurrence of the alleged injury he was not a partner of his co-defendant in the running of the mill.

On a motion of *ne recipiatur* by the plaintiff the Court declined to receive the plea not regarding it as a proper amendment of the former one and the Court's action in that respect forms the basis of the first exception. The question of the partnership *vel non* of defendants, who are sued in an action of case for damages arising from an injury to the plaintiff such as is set out in the declaration in this case, is not a material issue. But, be that as it may, the whole subject of permitting or refusing amendments to pleadings in an action at law is within the discretion of the trial Judge and his action in the exercise of that discretion is not reviewable by us upon appeal. *Warren* v. *Twilley*, 10 Md. 39; *Randall* v. *Glenn*, 2 Gill, 430; *Scarlett* v. *Academy of Music*, 43 Md. 208.

The defendant, I. N. Hearn, offered evidence tending to show that the two defendants were not partners in running the mill at the time of the accident. The plaintiff objected to this evidence on the ground that it was not admissible under the pleadings in the case and the Court sustained the objection and that ruling of the Court forms the basis of the second bill of exceptions. There was no error in refusing to admit this evidence. The *narr.* although it described the defendants as partners did not aver that either defendant was liable for any injury caused by the act of the other by reason of their alleged co-partnership, nor was the question of the partnership material to the issue made by the pleadings.

The third exception brings up for review the action of the Court upon the prayers. The plaintiff offered four prayers and the defendants offered ten. The Court rejected the plaintiff's first prayer, granted his second, third and fourth prayers and rejected all of the defendants prayers except the fourth which it granted in a modified form.

We find no reversible error in the Court's action on the prayers. The plaintiff's second prayer asserted in fairly clear terms the well-known doctrine that an employer must furnish

to his employees a reasonable safe place in which to work and must not expose them to other risks than those incident to the employment. *Eckhart* v. *Lazaretto Co.*, 90 Md. 177, and cases there cited.

His third prayer instructed the jury that if they found that the fall of the house was occasioned by the want of ordinary care and skill in its erection which rendered it unsafe and that the defendants knew or by the exercise of reasonable diligence might have known that fact and that the accident might have been prevented by the exercise of ordinary care and skill on their part the plaintiff was entitled to recover provided the jury found that he had been guilty of no negligence. This prayer and also the plaintiff's fourth prayer upon the measure of damages assert correct legal propositions in a form which has already met the approval of this Court in the case of *Treusch* v. *Kamke*, 63 Md. 278, the facts of which much resembled those of the one now under consideration.

Nor do we find any reversible error in the disposition made by the learned Judge below of the defendants prayers. Their first, second, fifth, sixth and seventh prayers were all predicated in whole or in part upon the proposition that if the defendants employed an experienced and competent carpenter to erect the roof they were not liable for the injury inflicted upon the plaintiff by its falling upon him.

These prayers were defective in not requiring the jury to find that the shed was being erected by a competent builder under an independent contract which gave him exclusive control over the work and the persons engaged in its performance. *Deford* v. *State*, 30 Md. 201–7; *Bonaparte* v. *Wiseman*, 89 Md. 21–2. They were also defective in attempting to apply to the employer's obligation, to furnish to his employee a reasonably safe place in which to work, the same limitations which would have controlled his liability to third persons if any such had been injured by the falling of the roof. The obligation of an employer to his employee arises out of their contractual relation and is not necessarily the same as his duty to strangers in the management of his property.

The defendants fourth prayer before its modification by the Court rested substantially upon the erroneous proposition last mentioned.

Their third prayer asserted that although the jury should find that the plaintiff was injured by reason of the defective and improper construction of the shed which fell upon him, if they should also find that the condition of the shed was due to the negligence of other servants of the defendants, he was not entitled to recover unless they further found that the defendants did not use reasonable care in selecting faithful and competent employees to construct the building. This prayer was erroneous, because the evidence did not tend to show that the defendants other servants through whose negligence the injury occurred were *fellow servants* of the plaintiff. The employees of the same person unless they are engaged in the same *general business* are not fellow servants in the sense that each takes the risk of the other's negligence. *Wonder* v. *B. & O. R. R. Co.*, 32 Md. 418; *Yates* v. *McCulloh Iron Co.*, 69 Md. 382; *Norfolk & W. R. R. Co.* v. *Hoover*, 79 Md. 266. We do not think that the occupation of operating the saw-mill at which the plaintiff was engaged when he was injured can be regarded in any sense the same general business or occupation as that of erecting the shed roof even if the latter did stand over the mill.

The other prayers of the defendants were requests in different forms to the Court to take the case from the jury for want of evidence legally sufficient to maintain the plaintiff's case. After what we have already said of the evidence it is apparent that these prayers should not have been granted. The fact that the roof fell under the circumstances disclosed by the record while it was in course of construction was, until otherwise explained, *prima facie* evidence of the insufficiency of the building. *Mullin* v. *St. John*, 57 N. Y. 567; *Howser* v. *C. & P. R. R. Co.*, 80 Md. 146.

Not only was there no evidence tending to otherwise explain the accident, but the testimony of the boss carpenter already referred to shows that the condition of some of the posts on

which the roof structure rested for support was regarded by him as so dangerous before it fell that he called the attention of one of the defendants to it. This Court cannot give its assent to the proposition that a building or roof placed upon an insufficient base has been skillfully erected. *County Commissioners* v. *Wise*, 71 Md. 53.

As we find no error in the rulings of the Court below the judgment appealed from will be affirmed.

*Judgment affirmed with costs.*

(Decided November 21st, 1901.)