TILLIE BOOTH *vs.* DANIEL P. CALLAHAN ET AL.,
EXECUTORS.

*Amendment of Voucher in Attachment Against Non-Resident—Appeal.*

The voucher originally filed in an attachment suit against a non-resident described the debt as due to the estate of P. C., deceased. Afterwards the trial Court allowed the plaintiffs to amend the voucher by adding a certificate of letters testamentary on the estate of P. C. granted to them, and by describing the defendant's account as due to them as executors. *Held*, that the order allowing the amendment to be made was properly passed, since the Act of 1898, ch. 44, expressly provides that the voucher as well as all the other papers in attachment proceedings may be amended in the same manner as the proceedings in other actions at law.

No appeal lies from an order allowing the plaintiffs in an attachment suit to amend the voucher filed with the declaration because, under the Act of 1898, ch. 44, such an order is within the discretion of the trial Court, and also because the order is not a final determination.

Appeal from the Circuit Court for Baltimore County (FOWLER, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD and JONES, JJ.

*John L. G. Lee* (with whom was *W. Irvine Cross* on the brief), for the appellant.

The Court declined to hear *D. G. McIntosh, Jr.*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The complaint in this case is that the Circuit Court of Baltimore County committed an error in allowing an amendment to certain non-resident attachment proceedings. The attachment suit was instituted, in the Circuit Court for Harford County, but was afterwards removed for trial to the Circuit Court for Baltimore County.

On the 17th of January, 1903, Tillie Booth, the appellant here and the alleged claimant of an interest in the property attached, filed a motion to quash the attachment for the reason among others that the voucher annexed thereto was not a sufficient cause of action. On the 2nd day of March, 1903, the plaintiffs filed a petition asking leave "to amend the voucher by adding thereto the certificates of letters testamentary granted to them and by amending the title of the account as originally filed, so as to read David T. Callahan to Daniel P. Callahan and Joseph F. Callahan, executors of the estate of Patrick Callahan, instead of David T. Callahan, to the estate of Patrick Callahan, deceased." And from an order of the Circuit Court of Baltimore County allowing the amendment to be made as prayed, this appeal has been taken.

The sole inquiry then in the case relates to the propriety of the amendment as allowed by the Court, and this we think is entirely free from difficulty. Now if it be conceded that any amendment at all was necessary to perfect the proceedings in this case, there can be no question since the Act of 1898, chap. 44, that this amendment was one which could be properly allowed by the Court. The Act of 1898, chapter 44 provides that the affidavit, short note, declaration, *voucher*, pleadings, &c., and all other papers in attachment proceedings may be amended in the same manner and to the same extent as the proceedings in other suits or actions at law, so that all attachment cases may be tried on their real merits and the purposes of justice subserved ; nor shall any attachment proceedings be quashed, or set aside for any defect in mere matter of form.

The amendment allowed by the Court in this case, as stated, was simply to attach to the affidavit as filed a certificate that letters testamentary had been granted by the Orphans' Court of Harford County to Daniel Callahan and Joseph Callahan on the estate of Patrick Callahan and making the account read David T. Callahan to Daniel P. Callahan and Joseph F. Callahan, executors of the estate of Patrick Callahan, deceased, instead of to the estate of Patrick Callahan, deceased. There was no error in allowing this amendment.

But apart from this, it is quite clear that the appeal in this case is prematurely taken and will have to be dismissed. First; because the allowance of an amendment such as the one in this case, is within the discretion of the trial Court, and is not the subject of review on appeal by this Court. *Hearn* v. *Quillen*, 94 Md. 42. Secondly; because the order or leave of Court, from which the appeal was taken is not a final order or determination of the Court from which an appeal will lie. Code, Art. 5, sec. 2.

For these reasons the appeal will be dismissed.

*Appeal dismissed with costs.*

(Decided June 29th, 1903.)