## S. B. POLAND *vs.* IRENE CHESSLER.

*Action on Check—Consideration—Promise of Marriage—Conditional Liability.*

Code, art. 75, sec. 24, providing that when the cause of action, filed with a declaration under the Speedy Judgment Act, sets forth the plaintiff's claim with the particularity required for a bill of particulars, it shall be treated as one of the pleadings, and the plaintiff shall be restricted in his evidence to proof of the items so set out, does not affect the right of amendment of pleadings.                       p. 69

The allowance of an amendment of a pleading is within the discretion of the court and is not subject to review.     p. 69

It is proper to refuse to require plaintiff to elect as between two counts of a declaration which are not conflicting or inconsistent.                       p. 69

In an action on a check, the alleged consideration for which was a promise of marriage, the admission of oral evidence as to such consideration was not prejudicial, it showing affirmatively what was the consideration, and thus excluding any presumption.                       p. 69

A check given under a promise by the payee to hold it until told by the drawer to deposit it cannot be made the subject of a suit as between the original parties.                 p. 70

*Decided February 1st, 1924.*

Appeal from the Baltimore City Court (GORTER, C. J.).

Action by Irene Chessler against S. B. Poland. From a judgment for plaintiff, defendant appeals. Reversed.

The cause was argued before BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Frank Gosnell,* with whom were *George Weems Williams* and *Marbury, Gosnell & Williams* on the brief, for the appellant.

*Philip L. Sykes,* with whom was *Emanuel M. Baum* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The appellant and appellee are father and daughter.

The suit was on a check alleged to have been given by the former to the latter on the occasion of her marriage.

The *narr.* contained the common counts, and the following special count:

> "7.   And for that the defendant on or about the 5th day of January, 1922, passed and delivered unto the plaintiff a check drawn on the Old Town National Bank of Baltimore, for the sum of fifteen hundred dollars ($1,500.00), which said sum was then and there given as a consideration for her marriage. That at the time of the defendant delivering the said check to the now husband of the plaintiff the said defendant requested that the plaintiff hold the said check for a few weeks, which she did; that the plaintiff kept her promise and married, but the defendant has failed to keep his promise in that he has refused and does now refuse to make good said check or to pay unto the plaintiff the sum of fifteen hundred dollars, the amount promised, as evidenced by the said check.
>
> "And the plaintiff claims the sum of $2,500.00."

The suit was brought under the Speedy Judgment Act, and annexed to the *narr.* was a check dated January 5th, 1922, to the order of I. Poland, for $1,500, and an affidavit, as required by said act.

The defendant pleaded the general issue pleas, and an additional plea, as follows:

> "3.   And for additional pleas to the 7th count of the declaration the defendant says:
>
> "(1) That the signature to the alleged check described in the 7th count of the declaration and attached to the declaration was not written by him or by his authority.
>
> "(2) That he, the defendant, denies that he executed the check described in the said 7th count of the declaration and attached to the declaration."

Annexed to the plea was an affidavit of defendant under the Act of 1886, ch. 184, and certificate of counsel that he advised the defendant to make the oath, and to file the pleas. Plaintiff demurred to the third plea, and the demurrer was overruled, whereupon plaintiff joined issue on the first and second pleas and traversed the third. Defendant demurred to the replication to the third plea, the demurrer was overruled, and issue was then joined on the replication to the third plea.

The case was tried before the court without a jury. After the testimony was all in, plaintiff asked leave to amend her declaration by filing an additional count, to which defendant objected, but the objection was overruled, and leave granted to file the additional count. Whereupon plaintiff filed an additional count, as follows:

> "8. And for that the defendant, on or about the first day of January, 1922, passed and delivered unto the plaintiff a check drawn on the Old Town National Bank of Baltimore for the sum of fifteen hundred dollars, but did not pay the same."

Whereupon defendant moved that plaintiff be required to elect whether she would proceed under the seventh count or the eighth count of the plaintiff's declaration, which motion was overruled.

Defendant's first prayer asked for a directed verdict in favor of defendant on the ground that there was no evidence legally sufficient to entitle the plaintiff to recover. This prayer was refused.

This appeal is from the judgment on a verdict in favor of plaintiff.

There are four bills of exception. The first was to the overruling of defendant's objection to the amendment of the *narr.* by adding the eighth count. The second to the refusal to require plaintiff to elect whether she would rely upon the seventh count or the eighth count in the *narr.* The third, to the refusal to strike out testimony tending to show that the consideration for the alleged check

was the marriage of the plaintiff to her husband, said testimony having been taken subject to exception. The fourth, to the adverse ruling of the court on the prayer. Taking these in order:

There was no error in permitting the amendment of the *narr.* The case of *Aitz Chaim Cong.* v. *Butterhoff,* 141 Md. 267, cited by defendant in support of his contention, and the provision of the Code, art. 75, sec. 24, on which that decision was based, have no bearing upon the right of amendment. There is nothing in that case or in the statute to curtail the right of amendment of pleadings, and it is not contended that apart from that statute the allowance of such an amendment was not within the power of this trial court. And "it is now well settled that from the action of the lower court in granting an amendment in cases within their power, * * * no appeal will lie. Such action is held to be within the discretion of the court and not subject to review." 2 *Poe, Pl. & Pr.,* sec. 190, citing a number of Maryland cases.

Nor do we find any error in the refusal to require an election as between the seventh and eighth counts of the *narr.* They were not conflicting or inconsistent. No authorities are cited by appellant for this contention and we know of none supporting it.

The theory of the third exception is that the alleged consideration for the check was a promise of marriage, and that inasmuch as there was no written evidence of this consideration, oral testimony as to the consideration should have been excluded. There was at least no prejudicial error in the refusal to strike out this testimony, as it showed affirmatively what was the consideration for the check, and thus excluded any presumption.

Coming now to the fourth exception: Leo Chessler, husband of plaintiff, testified in reference to the delivery of the check, that on the day of the wedding, while he was talking to the guests assembled at defendant's house, defendant called him out in the corridor and said, "Lee, here is a check I promised to give you, but I want you to promise to hold it

until I tell you to deposit it." The subsequent·conduct of
the witness shows conclusively that, if he received the check
from defendant, it was accepted with that·understanding.
It was never presented for payment, although the uncon-
tradicted testimony is that there was always more than
enough in bank to defendant's credit to pay it. In a con-
versation about seven months after the check was given,
defendant, according to Chessler's testimony, said: "Well,
Lee, if you need money now and things are pressing, I will
give you five hundred dollars a little later, but I want you
to return that check to me"; and witness replied:·"No, Pop,
under the circumstances, I feel as though I will hold the
check until the time comes when you can make it good and
the whole thing will clear up."

A check which is not to be used except at the pleasure of
the drawer manifestly cannot be made the subject of a suit
as between the original parties.

If there was any contract apart from the check, such con-
tract was within the Statute of Frauds and not enforce-
able.

We think the trial court correctly refused to consider as
having any bearing on the case the alleged agreement between
the defendant and the father of Leo Chessler. The record
does not disclose that defendant's alleged promise was based
on anything that the elder Chessler agreed to do, or that it
was the consideration for the latter's gift. There was no
such definite agreement between them as would satisfy the
rule in such matters as announced by this Court in *Stoddert*
v. *Bowie's Excr.,* 5 Md. 18.

It will not be necessary to consider the point·raised as to
the effect of the making and delivery of the check on Sunday.

There was error in the refusal of defendant's first prayer.
This finding makes it unnecessary to consider the rulings on
the other prayers.

*Judgment reversed, without a new trial, with
costs to appellant.*