GEORGE R. CHRISTY ET AL. *v.* LARRY G. HAMMOND.

[No. 34, April Term, 1931.]

*Decided June 11th, 1931.*

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James A. McAllister* and *V. Calvin Trice,* submitting on brief, for the appellants.

*Benjamin A. Johnson,* with whom were *Long & Johnson* and *Harrington & Harrington* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The trial of this action for personal injuries resulted in a verdict and judgment for the plaintiff, and the appeal, by the defendants, questions the rulings on certain prayers and the allowance of an amendment to the writ, titling, and declaration, to make the name and membership of the defendant firm conform to the proof.

The suit arose from an accident which was caused either by the negligence of the operator of the defendants' motor-truck in crowding off the highway, when passing from the rear, a truck conveying the plaintiff, or by the negligence of the driver of the latter truck in failing to control its movement after being signaled from the passing truck to stop. There was evidence supporting each of those conflicting theories, and it is conceded that the question as to primary negligence, if considered as an independent issue, could properly be submitted to the jury. But it is contended that a

verdict for the defendants should have been directed, as they requested, because of contributory negligence in the operation of the truck in which the plaintiff was traveling at the time of the accident. This contention is based upon the testimony of one of the plaintiff's witnesses, who was driving towards the two trucks from the opposite direction, and who, on cross-examination, answered in the affirmative a question as to whether, when he saw the trucks "come down the road," he "thought they were racing." In his examination in chief, the witness had stated that he noticed the two trucks when they were about 150 yards away, and they were then "side by side," and that, when he was about fifty yards from the defendants' truck, it turned "short to the right" in front of the other truck, which "was knocked off or run off" the road. It is argued that the quoted testimony to the effect that the trucks appeared to be racing justifies the conclusion that the driver of the truck carrying the plaintiff was guilty of contributory negligence as a matter of law. But conceding that the act of racing on the highway would ordinarily be improper and reckless, the proof is not conclusive as to the fact of racing in this case, or as to its causal relation to the plaintiff's injuries. Apart from the mere impression to which one of the witnesses testified, all of the evidence on both sides tended to prove that the trucks were not racing. There was consequently no reason to treat it as an established fact for the purposes of a prayer to withdraw the case from the jury on the ground of contributory negligence.

The operator of the defendants' truck and his assistant testified that, shortly before the accident, it had been passed from the rear and scraped by the truck in which the plaintiff was riding, and that they overtook, signaled, and turned safely in front of the latter truck for the purpose of stopping it and discussing with its occupants the damage which it had just caused. At the request of the plaintiff, the court instructed the jury that, even if they believed from the evidence "that the truck of the defendant was hit by the truck in which the plaintiff was riding" prior to the accident in which the plaintiff was injured, this circumstance afforded no justifica-

tion or excuse for the driver of the defendants' truck to operate it in a negligent manner, and, if they believed from the evidence "that at the time of the accident in which the plaintiff was injured, the truck of the defendants was operated negligently and as a result of said negligence", and without any negligence on the part of the operator of the other truck, the plaintiff was injured, the verdict should be in his favor. This prayer is criticised as involving a suggestion that the operators of the defendants' truck were acting in a spirit of retaliation when passing and intercepting the truck by which, as they testified, the one in their charge had been damaged. In our opinion the prayer does not properly bear that interpretation. It instructed the jury in effect that the earlier accident, if it occurred, did not entitle the driver of the defendants' truck to operate it negligently, but it made a verdict for the plaintiff depend upon a finding by the jury that the truck was in fact operated negligently with consequent injury to the plaintiff, and without any negligence in the operation of the track of which he was an occupant. While such an instruction may not have been necessary, we see no reason to regard it as prejudicial to the defendants, when considered in relation to the testimony, and the action of the court in granting it is therefore not a sufficient ground for a reversal.

The suit was originally brought against George A. Christy, George R. Christy, and Clarence A. Christy, partners, trading as George A. Christy & Sons. It was proved by the defendants at the trial that the truck which was alleged to have been negligently driven in front of the one carrying the plaintiff was owned by a firm of which George A. Christy is not a member, but which is composed of his sons, George R. and Clarence A. Christy, and bears the partnership name of Christy Bros. In view of that proof, a motion was made by the plaintiff to amend the writ, titling, and declaration by substituting George R. Christy and Clarence A. Christy, partners, trading as Christy Bros., for the original defendants. The motion was granted over the defendants' objection. The permitted amendment is said to have made an

entire change in the parties sued, contrary to the statute on the subject, which provides: "In amendments for non-joinder or misjoinder entire new parties, either plaintiffs or defendants, can not be introduced, but some one of the original plaintiffs and some one of the original defendants must remain parties to the action; and in no case of amendment can entire new parties, either plaintiffs or defendants, be made." Code, art. 75, sec. 45. By the next preceding section of the same article of the Code it is provided: "Amendments for misjoinder or nonjoinder of either plaintiffs or defendants may be made at any time before the jury retire to make up their verdict, or before judgment given on demurrer, or other trials before the court, as the case may be; and the court may grant such continuances and may award such costs against the party making the amendment as may be deemed just and reasonable."

The effect of the amendment was to eliminate George A. Christy and the partnership of which he was a member, while retaining the two other individual defendants and describing them as partners in their proper firm name. The argument is that the amendment involved an entire change of parties defendant, because it substituted a different partnership, as a legal entity, for the one first sued. But the amendment statute indicates that a complete change of parties does not occur if "some one of the original defendants" remains a party to the action. The two individuals who were continued as parties had a personal and practical interest, and were proper defendants, in the proceeding both in its original and in its amended form. Both before and after the amendment they were parties to a suit which affected them in their personal as well as in their partnership capacity. They were majority members of the partnership first named in the declaration, and the only members of the firm which the amendment designated. There was no such alteration of the character in which they were sued as was held to involve an entire change of parties in *Wright v. Gilbert,* 51 Md. 153; *Atkinson v. Phila., B. & W. R. Co.,* 137 Md. 636, 113 A. 110; or *Anderson v. Stewart,* 108 Md. 340, 70 A. 228. Conse-

quently, it would not be correct to say that none of the original defendants remained a party to the suit within the purview of the cited statute. Under its specific and controlling provisions, we hold that the trial court had authority to allow the amendment which the plaintiff proposed. Its exercise of that power involved no abuse of discretion, and is not reviewable on appeal. *Scarlett v. Academy of Music,* 43 Md. 208; *Hearn v. Quillen,* 94 Md. 39, 50 A. 402; *Sterling v. Marine Bank of Crisfield,* 120 Md. 396, 87 A. 697; *Poland v. Chessler,* 145 Md. 66, 125 A. 536; *Frisch v. Baltimore,* 156 Md. 310, 144 A. 478; 2 *Poe, Pl. & Pr.,* sec. 190. Each of the cases cited by the appellant on this point is distinguishable from the present case in regard to the nature of the question considered or the statutory conditions affecting the decision.

There is a motion to dismiss the appeal, upon the theory that it was taken on behalf of the partnership named in the declaration as originally filed. The order for the appeal was signed by the attorneys for the defendant partners against whom the verdict and judgment were rendered. The motion to dismiss is predicated on the fact that the order of appeal was under the titling of the case in its unamended form. This inadvertent omission to make the titling conform to the authorized amendment should not affect the evident purpose of the actual defendants to have the judgment against them reviewed. The motion to dismiss the appeal is therefore overruled.

*Judgment affirmed, with costs.*