Gerald S. HILL, et ux.

v.

CROWN OIL AND GAS
COMPANY, et al.

No. S 99–3577.

United States District Court,
D. Maryland.

Dec. 14, 1999.

---

**7.** The Court notes that the plaintiff's brief included a separate argument that pursuant to Rule 56(f) (which allows the Court to grant a continuance of the motion for purposes of further discovery) summary judgment should not be granted. (*See* Pl[.'s] Br. at 12). The Court rejects plaintiff's argument with respect to the instant claim, finding that the necessary evidence at issue (i.e. facts dealing with exchanges between Locke and Claytor) was at all times within the plaintiff's province, thereby precluding Rule 56(f)'s applicability.

more, MD, for Crown Oil and Gas Company, Texaco, Inc., Texaco Refining and Marketing, Inc., defendants.

Paula J. McGill, Wallace King Marraro & Branson, Washington, DC, for Motiva Enterprises, LLC, defendant.

Edward Robert McNicholas, Chamb. Judge Niemeyer, Baltimore, MD, for Citgo Petroleum Corporation, defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

■ This is a products liability case, in which an individual suffering from leukemia blames his illness on the fact that, as a tank truck driver, he hauled refined petroleum products manufactured and distributed by a number of entities, which allegedly include the defendant named above (Crown Oil and Gas Co.), Texaco, and Citgo. The defendant Texaco has removed the case to this Court on the ground of diversity of citizenship, even though Crown Oil and Gas Company is a Maryland citizen, and a diversity case cannot be removed where any one of the defendants is a citizen of the forum state, according to 28 U.S.C. § 1441(b) (2d sentence). In its notice of removal, defendant attempts to demonstrate that this Court has removal jurisdiction because Crown Oil and Gas Company is an "inactive" subsidiary of Crown Central Petroleum Corporation, thus making its joinder in the initial complaint "fraudulent" and making the case subject to removal notwithstanding the statutory limitation cited above. The Court will accept, as true, the contention that Crown Oil and Gas is an operationally inactive subsidiary of Crown Central Petroleum. Plaintiffs have timely moved to remand, which defendants oppose. No oral hearing is needed. Local Rule 105.6, D.Md.

■ The term "fraudulent joinder" is a term of art. It covers both those cases where the plaintiff has intentionally manipulated his case so as to keep it out of

Randell C. Ogg, Law Office, Washington, DC, Matthew P. Maloney, Sherman, Meehan and Curtin, Washington, DC, for Aidene Hill, Gerald S. Hill, plaintiffs.

James E. Gray, Andrew Gendron, Goodell, DeVries, Leech & Gray, LLP, Balti-

federal court (not alleged here) as well as those diversity cases where there is no possibility of a successful claim being asserted against the non-diverse or (in removal cases) in-state defendant. *See, generally,* 14B, Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d:* Section 3723 (1998). The argument here is that, assuming the truth of the affidavit as to the "inactivity" of the named defendant, no claim could possibly be made against it. The Court will assume that the fraudulent joinder doctrine applies to cases where, as here, there is original jurisdiction on the face of the complaint, but where removal jurisdiction is *prima facie* barred by the presence of an in-state defendant.

▮▮▮ As has been recognized in the authorities, joinder of a defendant may not be fraudulent if the plaintiff could have entertained a "bona fide yet erroneous belief … that an action existed" against the named defendant. *Id.* at 643. Here, that obviously is the situation. Crown Central Petroleum, the parent of the named defendant, is a well-known petroleum refiner and marketer whose products are hauled by tank truck drivers, and plaintiff's counsel certainly could have believed *bona fide* that the proper Crown entity to be sued here was Crown Oil and Gas, rather than the parent or another of its subsidiaries. If there has been a misnomer or other misidentification of the defendant, as there obviously has been in this case, an amendment could be made to the complaint under Maryland law to name the proper party, which amendment would certainly be allowed under Maryland Rules 2–213, 2–341(c)(4), and/or 2–341(c)(5). *See Christy v. Hammond,* 161 Md. 139, 143–44, 155 A. 322 (1931). Such an amendment would relate back under Maryland law. *See Crowe v. Houseworth,* 272 Md. 481, 325 A.2d 592 (1974).

Retention of this case in this Court would almost certainly result in an amendment changing the name of the Crown defendant to that of the parent or another subsidiary, an amendment that would, again almost certainly, relate back under Fed.R.Civ.P. 15(c)(3). This Court would then be obligated to retain the case, as it is within the Court's original jurisdiction, and section 1441(b) would no longer have effect. The net result of this would be this Court's exercising jurisdiction over a removed case with an instate defendant in it, which is what Congress did not want to happen when it differentiated removal jurisdiction from original jurisdiction in diversity cases, by prohibiting in-state defendants from removing such cases.

For the foregoing reasons, this case is appropriately viewed as one, not of fraudulent joinder, but of *bona fide* error, involving a mistake as to the identity of the proper party, and the Court declines to apply the fraudulent joinder doctrine to it.

Accordingly, an Order will be entered separately, remanding this case to the Circuit Court for Baltimore City, with costs of removal and remand to be borne by the defendant Crown Oil and Gas Company. This removal is not based on lack of subject matter (original) jurisdiction, but because the case is not removable under Section 1441(b), thus constituting a defect "other than subject matter jurisdiction."

## ORDER

For the reasons stated in a Memorandum Opinion of even date herewith, it is, by the Court, this 14th day of December, 1999, ORDERED:

1. That the plaintiffs' motion to remand BE, and it hereby IS, GRANTED;

2. That this case BE, and it hereby IS, REMANDED to the Circuit Court of Maryland for Baltimore City, with costs of removal and remand (but not attorney's fees) to be borne by the removing defendant; and

3. That the Clerk of this Court mail a certified copy hereof to the Clerk of the said Circuit Court and transmit the record thereto, and that the Clerk of this Court

mail copies hereof and of the said Opinion to counsel.