484

## THE MERCHANTS' NATIONAL BANK

### *v.*

## AUGUSTUS W. RITZINGER *et al.*

*Filed at Ottawa November 13, 1886.*

1.  BANK CHECKS—*bills of exchange—distinguishing qualities—issued in sets—whether payment of either is conditional.* The essential characteristic of a check is, that it shall be instantly payable, on demand.

2.  An instrument in the form of a check, by a depositor upon his banker, is not a draft or bill of exchange merely because it is drawn by a party out of this State on a bank in this State, or contains the words "original," and "second unpaid." The use of these words does not make its payment conditional.

· 3.  The issue of more than one copy of a bill of exchange or check upon a bank does not, in any sense, render the instrument conditional. The whole of the sets constitutes, in law, but one bill, and the payment or cancellation of either of the sets is a discharge of all.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. FRANK J. SMITH & HELMER, for the plaintiff in error:

Two questions are presented by the record: First, is the instrument sued on, a check, or a foreign bill of exchange; and second, if a foreign bill, can the holder sue the drawer before acceptance.

It is drawn as one of a set, and made payable on the condition that the second is unpaid. Foreign bills are drawn in sets, for the convenience of the holder in obtaining an early and sure acceptance. No other negotiable instrument is thus drawn. *Downes* v. *Church*, 13 Pet. 205.

Commonly, the drawer of foreign bills delivers to the payee different bills of the same tenor and date, each containing a condition that it is to be paid, provided the others remain unpaid, and all of them, collectively, amount to one bill, and

a payment to the holder of either is good, and a payment of one of the set is a payment of the whole. Edwards on Bills and Notes, 161; Daniell on Neg. Inst. sec. 113.

The instrument being in the form of a foreign bill, the drawee is not liable on it without acceptance. Morse on Banking, (1st ed.) chap. 10, p. 459; id. (2d ed.) p. 526; *Mandeville* v. *Welch,* 5 Wheat. 286; *Cowperthwait* v. *Sheffield,* 3 Com. 243.

The law, as decided by the Supreme Court of the United States, (*First National Bank* v. *Whitman,* 4 Otto, 343,) by the highest tribunal of the State of New York, (*National Bank* v. *National Bank,* 46 N. Y. 82,) by the Supreme Court of Massachusetts, (*Carr* v. *Security Bank,* 107 Mass. 45,) and by the Supreme Court of Vermont, (*Bellows Falls Bank* v. *Rutland County Bank,* 40 Vt. 377,) is to the effect, that even a check holder can not sue until after acceptance.

Messrs. PECKHAM & BROWN, for the defendants in error:

A banker can not, as against his depositor or his depositor's check holders, or even creditors, appropriate his depositor's funds to the payment of debts not due, or of contingent liabilities not yet accrued. *National Bank* v. *National Bank,* 68 Ill. 398; *National Bank* v. *Proctor,* 98 id. 558; *National Bank* v. *Banking Co.* 114 id. 483.

The holder of a check drawn against funds in bank, may maintain an action thereon against the banker, without acceptance. *Munn* v. *Burch,* 25 Ill. 35; *Brown* v. *Leckie,* 43 id. 497; *National Bank* v. *County Bank,* 80 id. 212; *National Bank* v. *Proctor,* 98 id. 558.

The check being made payable here, is controlled by the laws of this State.

As to the definition of and distinction between checks and bills, see 2 Daniell on Neg. Inst. sec. 1567, p. 584; 2 Parsons on Bills, 57; Edwards on Bills and Notes, 396; Story on Prom. Notes, sec. 487.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question discussed upon this record is, whether the following instrument is a check, namely:

"$2000.                    [*Original.*]

STATE OF INDIANA.

BANKING HOUSE OF A. & J. C. S. HARRISON.

INDIANAPOLIS, *July 15, 1884.*

"Pay this our first check (second unpaid) to the order of William Haerle, $2000.          A. & J. C. S. HARRISON.

"To Merchants' National Bank, Chicago, Ill.
    "No. 130,263.

Indorsed across the face, "$2000, William Haerle."

The trial court held in the affirmative, and this ruling was affirmed in the Appellate Court.

It is not contended, and could not be, on authority, that the fact that it is drawn by parties in Indiana on a bank in this State, can be held to determine that it is not a check. Parsons, in his work on Bills and Notes, (vol. 2, pp. 58, 59,) says: "They" (*i. e.,* checks,) "are much used here in drawing from one State upon houses of deposit in another." And *Union National Bank* v. *Oceana County Bank,* 80 Ill. 212, and *National Bank of America* v. *Indiana Banking Co.* 114 id. 483, disregard the fact that the drawer resides in one State and the drawee in another, upon the validity or character of instruments as checks.

The only reason urged why this instrument is not a check, is the fact that it contains the words "original" and "(second unpaid.)" These, it is contended, make its payment conditional. We can not concur in this view. The practice of making more than one copy of an instrument ordering or requesting the payment of money, we concede, is generally confined to foreign bills of exchange; but there is nothing, in our opinion, in the purpose or effect of that practice, which should render it inapplicable, under all circumstances, to checks.

The purpose is to guard against loss or question in case of miscarriage, the chances of the bill reaching, in due season, the party to whom it is transmitted, being increased by the number of copies. (1 Parsons on Notes and Bills, 58, 59.) But this does not render the instrument a conditional one, in any sense. The whole of the sets constitutes, in law, but one bill, and therefore payment or cancelling of either of the sets is a discharge. (1 Parsons on Notes and Bills, 59.) The essential characteristic of a check is, that it shall be instantly payable on demand. 2 Daniéll on Negotiable Instruments, (3d ed.) sec. 1572; 2 Parsons on Notes and Bills, pp. 59,60. And that demand is effected, unconditionally, the moment either copy is presented.

The judgment is affirmed.

*Judgment affirmed.*