ALLIED TAR AND CHEMICAL CORPORATION, PLAINTIFF-RESPONDENT, v. ALEXANDER E. JOFFE, DEFENDANT-APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Anthony P. La Porta.*

For the respondent, *Samuel H. Berlin.*

The opinion of the court was delivered by

PARKER, J.   This is a suit by payee against maker of a promissory note for $250.   That defendant received from plaintiff that amount of money, satisfactorily appears from two checks of plaintiff to the order of defendant, one for $100 and the other for $150.

At the trial in the District Court, where the suit originated, testimony for defendant was received over plaintiff's objection, "that the money advanced on account of the aforementioned note was not a loan, but was given in consideration of certain services that the said Alexander E. Joffe was to perform for the plaintiff and on behalf of the plaintiff, in an endeavor to secure a refinancing of the plaintiff's business; and that the said note was only given as a receipt by the defendant, to the plaintiff, as evidence of his good faith in the matter and to secure the performance of the said services."

This is the language of the state of the case as settled by the trial court, which found further, as a matter of fact, that defendant had performed the services in question, and that the note was in the nature of a receipt for moneys paid defendant for services to be performed, in advance of the performance, and that he did perform them. The Supreme Court held there was error in admitting this testimony, as it tended to vary the terms of a written contract, contrary to the general rule laid down in *Naumberg* v. *Young,* 44 *N. J. L.* 331.

We think the Supreme Court was in error, and that the testimony was properly admitted. It is a well settled rule, of course, that as between the parties to a note, the true consideration may always be shown; or that the note was mere accommodation paper; or that the consideration failed, &c. *Rand. Com. Paper,* § 565; *Briggs and Ely* v. *Sutton,* 20 *N. J. L.* 581, 582; *Duncan, Sherman & Co.* v. *Gilbert,* 29 *Id.* 521, 523; *Chaddock* v. *Van Ness,* 35 *Id.* 517, 520; *Cockrell* v. *McKenna,* 103 *Id.* 166; *Stone* v. *Somers,* 65 *Id.* 191; *Allerton* v. *Grundy,* 67 *Id.* 55; *Mueller* v. *Buch,* 71 *Id.* 486; *Morgan* v. *Thompson,* 72 *Id.* 244. The language of the state of the case, quoted above, but not quoted by the Supreme Court, is a little obscure and in fact insensible where it says, that the note of Joffe was given in consideration of services that Joffe was to perform. However, it may readily be gathered from the state of the case (1) that Joffe was to perform services; (2) that plaintiff paid him $250 in advance for those services; (3) that the note was made as a recognition of that advance payment, to be enforced if the services were not performed, and to be surrendered if they were performed; and (4) that the services were performed. In other words, the consideration for the note was the advancement of the money in anticipation of the services, and the note was to be paid by performing them.

It cannot be doubted that if the payee of a note agrees, when it is delivered, to take his pay in goods or services, and the goods or services are furnished, such an arrangement may be proved by parol, and its performance is a defense. *Rand.*

*Com. Paper,* § 1408. This has been distinctly held in this state. *Buchanon* v. *Adams,* 49 *N. J. L.* 636; *Middleton* v. *Griffith,* 57 *Id.* 442. Similar evidence was held competent to show a substitutionary agreement for payment of rent under a sealed lease. *Oliver* v. *Phelps,* 20 *Id.* 180; 21 *Id.* 597. The brief of counsel also cites *Hamond* v. *Cadmus,* 10 *N. J. L. J.* 245, as a decision of this court; but obviously the case there called Hamond *v.* Cadmus is Buchanon *v.* Adams as the name struck the reporter's ear. It will be seen at once from the recital of facts in the unofficial and official reports, that the same case is intended. However, the two cases cited are enough to settle the law. We have no difficulty in reading this defense from the language of the state of the case so far as we have quoted it above, and in holding that it was a valid defense, that the evidence to support it was properly admitted, and that in view of the facts as the judge found them, he rightly found for the defendant.

The judgment of the Supreme Court will accordingly be reversed and that of the District Court affirmed.

*For affirmance*—None.

*For reversal*—TRENCHARD, PARKER, CASE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 10.