E. JACK HOTTINGER, PLAINTIFF-APPELLEE, v. LEON JOHNS AND EDWARD BRENNON, DEFENDANTS-APPELLANTS.

E. JACK HOTTINGER, PLAINTIFF-APPELLEE, v. LEON JOHNS AND EDWARD BRENNON, DEFENDANTS-APPELLANTS.

Submitted October 13, 1933—Decided January 23, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *William E. Holmwood.*

The opinion of the court was delivered by

PERSKIE, J. This appeal brings up for review two judgments rendered by the trial judge, sitting without a jury, in favor of the plaintiff and against the defendants. The suit for personal injuries (No. 7987) resulted in a judgment of $100 for the plaintiff, and in the suit for property damage (No. 7988) the judgment was for $300. By stipulation the cases are argued together.

Appellants set down five specifications of determination with which they are dissatisfied in point of law. They argue but one. Therefore all others are considered abandoned. *Sargeant Brothers* v. *Brancati,* 107 *N. J. L.* 84. The single point argued by appellants is that the plaintiff was guilty of contributory negligence as a matter of law. Appellants frankly concede "that it is a salutary rule of this court that, where there is any evidence to support the judgment, the court will not interfere or attempt to weigh the facts. As stated in the syllabus of *Miller* v. *Grossman,* 140 *Atl. Rep.* 292, where there is a reasonable basis for a finding of fact by the District Court, the Supreme Court will not disturb its judgment;" but contend, "however true this may be with regard to the charge of negligence against the defendants, it is equally clear that in this case there was no evidence before the trial court to exonerate the plaintiff from contributory negligence. He was clearly convicted of contributory negligence upon three grounds and all by his own testimony."

Counsel for appellants analyze the testimony which in their judgment tends to support their contention. Briefly the facts in this case are as follows: About midnight of December 15th, 1932, the plaintiff, a metallurgist employed by the United States government, while driving in his automobile on his way home, came around a turn in route No. 6, state highway, known as both West Blackwell street and Buckskill road, in Dover, New Jersey. Plaintiff testified that he was driving approximately thirty miles an hour. As he made the turn he observed a truck about forty to forty-five feet in front of him, without lights; that he tried to turn out, applied his brakes but the pavement was slippery, it had a coating of ice

on it, and he collided into the left rear of the truck, which was parked on the side of the road because it was disabled.

There is a conflict of testimony as to the following: Whether the truck could be seen from a further distance than that testified by the plaintiff; distance between point of curve and the truck; lights; speed, &c., all relating to the alleged negligence of the defendants as well as the alleged contributory negligence of the plaintiff. We have repeatedly held that under such a posture of the testimony, *i. e.*, if the result reached by the trial judge is supported by the testimony we do not disturb it. *Kroop* v. *Scala*, 5 *N. J. Mis. R.* 89 ; *Duff* v. *Prudential Insurance Co.*, 90 *N. J. L.* 646 ; *Breithart* v. *Lurich*, 98 *Id.* 556 ; *Hordes* v. *J. I. Kislak, Inc.*, 9 *N. J. Mis. R.* 1030 ; *affirmed*, 109 *N. J. L.* 413.

We think that there was ample testimony to support the judgment.

Judgment is affirmed, with costs.