(No. 22591.—

THE ECONOMY FUSE AND MANUFACTURING COMPANY, Defendant in Error, *vs.* THE STANDARD ELECTRIC MANUFACTURING COMPANY, Plaintiff in Error.

*Opinion filed February 15, 1935—Rehearing denied April 3, 1935.*

HERRICK, J., dissenting.

HARRY D. IRWIN, (ELMER F. DENEKE, of counsel,) for plaintiff in error.

GARDNER, FOOTE, MORROW & MERRICK, (WALTER M. FOWLER, and ROBERT L. ELLIOTT, JR., of counsel,) for defendant in error.

·Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on writ of *certiorari* to review the judgment of the Appellate Court for the First District reversing a judgment of the municipal court of Chicago and entering judgment. Defendant in error sued plaintiff in error to recover for a large number of electric switch-plates delivered under a contract between the parties. The suit was tried without a jury and a judgment in favor of plaintiff in error was entered. On review the Appellate Court made a finding of fact and entered judgment for defendant in error in the sum of $2635.67.

The Appellate Court found that the goods had not been paid for. It was stipulated on the trial that plaintiff in error (hereinafter referred to as defendant) had during the month of April, 1932, received from defendant in error (hereinafter referred to as plaintiff) merchandise of the value of $2798.31; that on or about May 10 defendant mailed a check to plaintiff for $2582.96 as payment in full for the merchandise received, less certain deductions noted on the back of the check, aggregating $215.35. It was also stipulated that this check was received by plaintiff on May 13, 1932, and that the bank upon which it was drawn was closed on May 25 following. It also appears that plaintiff did not present the check to the bank for payment prior to its closing. On May 2, 1932, defendant delivered to a driver for plaintiff certain of the switch-plates that had been delivered to it by plaintiff under the contract. Credit for these items returned, plus a discount of $52.71, made

up the $215.35 deduction shown on the back of the check.
The goods returned were claimed by defendant to be de-
fective. They were returned to the Chicago plant and
there sent to their factory at Palatine to be checked up, to
determine whether the deduction for defective goods as
shown on the check was correct. This investigation was
not completed until May 31, 1932, several days after the
bank closed.

Defendant argues that plaintiff retained for an unrea-
sonable length of time the check sent in payment for the
merchandise, and its failure to present the check within
reasonable time after delivery, as required by the Nego-
tiable Instruments act, discharged defendant thereon, and
that the check constituted payment for the goods to the
extent of the loss to defendant caused by the unreasonable
delay, which loss, defendant claims, is the entire amount
of the check. Plaintiff contends that the requirements of
the Negotiable Instruments act that a check be presented
for payment within a reasonable time after its issue has
no application here; that the check was not a negotiable
instrument within the contemplation of the act and was
conditionally delivered and never accepted, and that it was
the intention of the parties that the check be conditionally
delivered, its acceptance being made subject to a check-up
of the claimed credits endorsed on the back thereof. The
check sent by defendant was in the usual form. On the
back thereof was the following endorsement: "The en-
dorsement of this check constitutes a receipt in full of the
following invoices:" There follows a statement of the ac-
count as rendered by plaintiff, with various items of de-
duction amounting to $215.35, and showing a balance of
$2582.96, which was the amount of the check. The ques-
tions then are, first, whether this was a check negotiable
within the purview of the Negotiable Instruments act; and
second, whether there was such a delivery as contemplated
by that act.

Section 1 of the Negotiable Instruments law, (Cahill's Stat. 1933, p. 1915; Smith's Stat. 1933, p. 1919;) so far as pertinent to this inquiry, provides: "An instrument payable in money to be negotiated must conform to the following requirements: * * * 2. Must contain an unconditional promise or order to pay a sum certain in money. 3. Must be payable on demand or at a fixed or determinable future time." By section 3 of the act (Cahill's Stat. 1933, p. 1916; Smith's Stat. 1933, p. 1920;) it is provided: "An unqualified order or promise to pay is unconditional within the meaning of this act, though coupled with: * * * 2. A statement of the transaction which gives rise to the instrument." The fourth section of the statute (Cahill's Stat. 1933, p. 1916; Smith's Stat. 1933, p. 1920;) declares: "An instrument is payable at a determinable future time, within the meaning of this act, which is expressed to be payable: 1. At a fixed period after date or sight; or 2. On or before a fixed or determinable future time specified therein; or 3. On or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain." Section 184 defines a check as a bill of exchange drawn on a bank payable on demand. The 125th section defines a bill of exchange as an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer. By section 185 it is required that a check be presented in a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay. By section 4 of the Negotiable Instruments act it is declared that an instrument payable on a contingency is not negotiable.

A check as contemplated under the Negotiable Instruments act is a draft or order upon a bank or banking house,

purporting to be drawn upon a deposit of funds, for the payment at all events of a certain sum of money to a certain person therein named, or to him or order, or to bearer, and payable instantly on demand. (*Equitable Trust Co.* v. *Harger*, 258 Ill. 615; *Ridgely Nat. Bank* v. *Patton & Hamilton*, 109 id. 479; 3 Daniel on Neg. Inst. (7th ed.) sec. 1748.) An essential characteristic of a check is that it is payable on demand. (*Merchants' Nat. Bank* v. *Ritzinger*, 118 Ill. 484.) Notations or memoranda placed on the back of a check contemporaneously with the execution of the instrument, with intention of making them a part of the contract for payment of money, constitute as much a part of the instrument as though incorporated in the body thereof. (*Scholbe* v. *Schuchardt*, 292 Ill. 529; *VanZandt* v. *Hopkins*, 151 id. 248.) In the absence of evidence concerning the intention of the maker in placing such notation on the back of a check it will be presumed to have been made contemporaneously with the instrument and as a part of it and will be given effect as if made in the body thereof. (*VanZandt* v. *Hopkins, supra.*) If the notation be intended merely to identify the instrument it will not affect its immediate operation. (1 Daniel on Neg. Inst. (7th ed.) sec. 168.) It must be determined from the instrument itself whether it is negotiable, and such fact cannot be made to depend upon extrinsic facts. (*Sturgis Nat. Bank* v. *Harris Trust and Savings Bank*, 351 Ill. 465; *Pflueger* v. *Broadway Trust and Savings Bank*, 351 id. 170; *Equitable Trust Co.* v. *Harger, supra.*) The requirement placed on the back of a check that the endorsement thereof constitutes a receipt for the sum named on the face of the check does not affect its negotiability, nor does a mere recital of the transaction out of which the check arose. This check meets these requirements of the act.

Whether the check be, in fact, negotiable, does not, however, constitute the sole issue to be determined here. Defendant's claim is that plaintiff retained the check in its

possession an unreasonable length of time, and therefore, under section 185 of the act quoted, defendant is discharged from liability thereon to the extent of loss to it occasioned by the delay, which, it says, was for the full amount of the check. Section 16 of the Negotiable Instruments act provides: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties  *  *  * the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or endorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument." A conditional delivery may be proved by parol evidence. (*Bell* v. *McDonald*, 308 Ill. 329; *Moore* v. *Prussing*, 165 id. 319.) A delivery upon condition does not make a check operative until the condition has been satisfied. (*Bell* v. *McDonald, supra; Kilcoin* v. *Ortell*, 302 Ill. 531; *Burke* v. *Dulaney*, 153 U. S. 228.) Acceptance of a check conditionally delivered is essential to complete a delivery which would render it a binding obligation between the parties. (*Gross* v. *Arnold*, 177 Ill. 575; *Moore* v. *Flynn*, 135 id. 74.) Whether a delivery is conditional is dependent upon the intention of the parties. (*Kilcoin* v. *Ortell, supra; Wilson* v. *Wilson*, 158 Ill. 567.) Conditional delivery of a check does not depend upon whether it shall be determined at the end of a lawsuit that a sufficient amount has or has not been tendered by the check, nor upon whether the payee therein later agrees that the check is for the correct amount. If it be for a sum differing from the claim of the payee, to which sum the payee must by accepting the check agree it shall be in full of his claim, the delivery is conditional until such time as he does so agree. A check for a sum less than the amount of a claim as to which there is a *bona fide* dispute,

where such check is tendered in full payment of the amount due, cannot be accepted by the creditor without acquiescing in the condition upon which it is tendered. Williston on Neg. Inst. p. 251; *In re Estate of Cunningham,* 311 Ill. 311; *Canton Union Coal Co.* v. *Parlin & Orendorff Co.* 215 id. 244.

The Appellate Court found as a matter of fact that the goods for which payment was claimed were delivered to defendant and that it had not made payment therefor. That court also found that it was the intention of the parties that plaintiff have an opportunity to check the goods claimed to have been defective. This was a question of fact as to which the finding of the Appellate Court is binding upon this court if there be any evidence in the record tending to support such finding. The book-keeper for defendant testified that she placed the memorandum on the back of the check for the purpose of permitting plaintiff to check up as to the condition of the goods returned as defective. This constitutes evidence of the intention of the defendant that the delivery of the check should be conditional. No complaint was made that plaintiff consumed an unreasonable amount of time in checking up such returned goods. It seems clear that neither party intended there should be an acceptance of the check until the deductions specified on the back of the check had been investigated. Plaintiff did not accept the check, and there was therefore no delivery within the contemplation of the Negotiable Instruments law and no obligation resting on plaintiff to present the check to the bank prior to the time the bank was closed.

Since the check tendered did not constitute payment, defendant was not entitled to discount under the contract.

The judgment of the Appellate Court is right and is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HERRICK, dissenting.