STEPHEN A. MIKO, JR., PLAINTIFF-APPELLEE, v. MAX FELDMAN, DEFENDANT-APPELLANT.

Argued October 1, 1935—Decided November 29, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Benjamin Nessanbaum.*

For the appellee, *Rosen & Rosen.*

The opinion of the court was delivered by

PERSKIE, J.   This appeal brings up for review a judgment of the District Court of the First Judicial District of the county of Hudson.  It is based on a verdict of the trial judge, sitting without a jury, in favor of the plaintiff and against the defendant below, in the sum of $459.40 and $27.17 costs.

Plaintiff sued the defendant, Feldman, on a note originally in the sum of $1,500 and reduced by successive renewals to $459.40.  It was signed by the defendant and made payable to the order of Nathan Hiller and was discounted by the latter at the Weehawken Trust Company. The proceeds of this note, and that of another note discounted by the defendant, but not here involved, were used to assist the bankrupt brother-in-law of Hiller and Feldman.

It is practically conceded, in paragraphs 2 and 10 of defendant's specification of defenses, and the proofs disclose, that plaintiff holds the note by assignment from the Weehawken Trust Company; that the assignment was executed ·after maturity and dishonor of the note; and that plaintiff instituted this suit for and in behalf of Nathan Hiller.

The meritorious question in this case is whether Feldman or Hiller is primarily obligated to pay the note.  If Feldman, as he claimed, signed the note, as an accommodation maker for Hiller, and the latter lent his credit to the bankrupt brother-in-law of both, then, of course, Feldman is not liable to either Hiller or his agent, Miko, the plaintiff here.  Nego-

tiable Instruments law, sections 28 and 29, 3 *Comp. Stat.* 1709-1910, *p.* 3738. If, however, Feldman lent his credit and Hiller as payee, endorsed the note, as an accommodation for Feldman, as Hiller claimed he did, Feldman would be liable.

It is urged that Hiller is not a holder for value. This is without merit. "Value is any consideration sufficient to support a simple contract." Section 25, Negotiable Instruments law, *supra.* "It may be given to the promissor or to some other person, or by the promissee to some other person. It matters not from whom the consideration moves, or to whom it goes. If it is bargained for as the exchange for the promise, the promise is not gratuitous." *The Coast National Bank* v. *Bloom,* 113 *N. J. L.* 597; 174 *Atl. Rep.* 576; *Williston on Contracts* 193, 197, 235; see, also, *Schmid* v. *Haines,* 115 *N. J. L.* 271; 178 *Atl. Rep.* 801. There is ample proof here to support the finding that Hiller was a holder of the note for value.

The real parties to this suit, as stated, are related. The testimony is long, involved and sharply controverted. It is a type of case in which the judge, as a trier of fact, could well have found, under the proofs, for either party.

According to Hiller it was only on the strength of Feldman's signature that he became a party to the transaction. He stated that Feldman had given his assurance that there was nothing for him to worry about; he would take care of the notes. This testimony, notwithstanding direct contradiction by the defendant and his witnesses, amply warrants the finding of the trial judge, the trier of the fact, in favor of the plaintiff and against the defendant. Under the circumstances motions to nonsuit and to direct a verdict in his favor were properly denied. It is well settled that, under such circumstances, we do not weigh the evidence; a finding of fact based on legal evidence will be sustained, unless other legal error appears. *Breithart* v. *Lurich,* 98 *N. J. L.* 556; 120 *Atl. Rep.* 11; *Hottinger* v. *Johns,* 112 *N. J. L.* 177; 170 *Atl. Rep.* 36.

Defendant further contends that the court improperly admitted the assignment from the Weehawken Trust Company to plaintiff, Miko. The basis of that contention is that it was necessary for the plaintiff to introduce proof of the

corporate seal of the bank to the assignment. The law applicable to the challenged admissibility of corporate instruments is fully stated by our Court of Errors and Appeals, opinion by Mr. Justice Parker, in the case of *Robertson* v. *Burstein,* 105 *N. J. L.* 375; 146 *Atl. Rep.* 355. Assuming, but not so deciding, that proof of the assignment was necessary, the difficulty with the contention is that it is raised here for the first time. The objection below to its admission was "that the instrument was witnessed and attested and must be proven in the first instance by the person who witnessed or attested it—the proof of his signature by somebody else is not proper proof under the law." Objections to the introduction of evidence for reasons other than those interposed at the trial are not available on appeal. *Schreiner* v. *New York and New Jersey Tel. Co.,* 82 *N. J. L.* 743; 82 *Atl. Rep.* 887; *Feldman* v. *Jacob Branfman & Son, Inc.,* 111 *N. J. L.* 37; 166 *Atl. Rep.* 126. It may not be out of place, however, to mark the fact that the objection was made notwithstanding the fact that the signatures on the assignment of Mr. Gordon, president of the bank, and Mr. Berenbroick, who appeared to be the secretary, were proved by a witness, the assistant treasurer, who not only knew the signatures of the officers thereto but also knew the entire transaction as well. Moreover, the basis for this objection below was clearly untenable. Chapter 207, *Pamph. L.* 1927, *p.* 394; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 699, § 70-62g, abrogated the necessity of calling witness to a document or accounting for his absence. *Robertson* v. *Burstein, supra.*

And if there was merit, in the first instance, to the objection on the part of the court in refusing testimony as to the true consideration for the note (*Allied Tar and Chemical Corp.* v. *Joffe,* 110 *N. J. L.* 129; 164 *Atl. Rep.* 446), or to any other testimony within the scope of the issues, it was cured time and time again; the parties and their witnesses fully told and retold their respective versions of the transaction. No substantial rights of the defendant were injuriously affected.

There is no merit to any of the other points argued.

Judgment is affirmed, with costs.