AL HOOPER *v*. CHARLES LEVIN.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed February 3, 1942.

322

*A. Pearley Feen* and *Louis Lisman* for defendant.

*Latham & Latham* and *Clarke A. Gravel* for plaintiff.

MOULTON, C. J. The only question here is whether the facts as found by the trial court are sufficient to sustain the judgment rendered against the defendant. The action was brought under the provisions of P. L. 8468-8469, upon six written instruments, in form bank checks payable to the order of the plaintiff, allegedly made, drawn, uttered or delivered by the defendant, with knowledge at the time that he had not sufficient funds or credit with the bank for payment in full upon presentation, and which were not so paid.

According to the findings the plaintiff was employed by the New Burlington Hotel Corporation as the conductor of an orchestra which played at a restaurant known as the Royal Grill. In December, 1938, the New Burlington Hotel Corporation discontinued the operation of the restaurant, and another corporation, Hotels, Incorporated, took it over, and continued the employment of the plaintiff and his orchestra. The defendant, who was the president and manager of Hotels, Incorporated, told the plaintiff that the corporation had no operating funds and entered into an arrangement with him whereby he should receive from the corporation at the end of each week an instrument which was to serve as an acknowledgment of the obligation of Hotels, Incorporated, in a specific amount representing the weekly salary due the plaintiff for services performed during such week. Each of the instruments, dated respectively, May 7, 14, 21 and 28, and June 4 and 11, 1938, purports to be a check drawn upon a certain bank, directing it to pay to the order of the plaintiff the sum of $126. and is signed "New Burlington Hotel Corp. countersigned by Charles Levin, Pres.," and was delivered to the plaintiff by Hotels, Incorporated, on the day of its date. It was agreed between the plaintiff and the defendant, representing Hotels, Incorporated, that these should be held by the plaintiff for an indefinite time, that payments would be made on them from time to time as the corporation had funds, and when the payments equalled the amount of one of them, the plaintiff would surrender it. Sometimes, but not always, when left with the corporation's cashier for the plaintiff, they were enclosed in envelopes bearing the words "To be cashed in Hotel only." Other instruments like those in suit had been issued to the plaintiff by the corporation, and he had held them from ten

324

days to three weeks, owing to the inability of the corporation to pay the amounts stated therein. The defendant intended these various instruments to operate as vouchers or memoranda of account, but the plaintiff received and accepted them as bank checks in the belief that such a check provided him with protection. Shortly before the termination of his employment the plaintiff presented the six instruments in suit which were then unpaid to the bank upon which they purported to be drawn but they were returned with the notation "account closed." The plaintiff knew, when he received them, that the New Burlington Hotel Corporation had no account at that bank.

By P. L. 7153 it is provided that: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties * * * the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument." This section is a part of Chapter 283, Public Laws, which is the enactment of the Uniform Negotiable Instruments Law. Under this statute it may be shown, in an action between the immediate parties, upon a check or other negotiable instrument, that the effect of a delivery and the extent of the operation of the instrument was limited by the conditions upon which the delivery was made, (*Hunter* v. *First Nat. Bank,.* 172 Ind. 62, 87 N. E. 734, 738; *Herron* v. *Brinton,* 188 Iowa 60, 175 N. W. 831, 833); that there was an understanding that a promissory note was delivered and received as a receipt or memorandum, (*Allied Tar and Chemical Corp.* v. *Joffe,* 110 N. J. L. 129, 164 Atl. 446; *Hammons* v. *O'Brien,* 32 Ariz. 436, 259 Pac. 881, 883; *Brook* v. *Latimer,* 44 Kan. 431, 24 Pac. 946, 11 L. R. A. 805, 807, 21 Am. St. Rep. 292) that a check was not a completed contract, (*Norman* v. *McCarthy,* 56 Colo. 290, 138 Pac. 28, 29) and that the purpose for which a note or check was executed, delivered and received was not such as to give it effect as a negotiable instrument. *Lee* v. *Lee,* 210 Iowa 618, 231 N. W. 426, 427, ff.; *Allen's Collection Agency* v. *Lee,* 73 Cal. App. 68, 238 Pac. 169, 171; *Sayre* v. *Leonard,* 57 Colo. 116, 140 Pac. 196, 197; and see Brannan, Negotiable Instruments Law (5 Ed.) Para. 16, p. 225 and cases cited.

 No infringement of the parol evidence rule results from the reception of evidence tending to show such a conditional delivery, *Economy Fuse and Mfg. Co.* v. *Standard Elec. Mfg. Co.*, 359 Ill. 504, 194 N. E. 922, 925; *Alexander* v. *Kerhulas*, 151 S. C. 354, 149 S. E. 12, and cases above cited. The burden of proof upon the issue is upon the defendant. *Gomez & Co.* v. *Hartwell*, 97 Vt. 147, 151, 122 Atl. 461. The question is one of fact. *Sayre* v. *Leonard, supra.*

 So here the findings of fact disclose an agreement that the instruments in suit, although purporting to be checks and negotiable as such, were in reality only memoranda of indebtedness, to be met by payments made to the plaintiff from Hotels, Incorporated. It is also found that the plaintiff received and accepted them as actual bank checks, but this finding is not controlling or, as it stands, inconsistent with the finding of the agreement. The acceptance of a condition annexed to the delivery of a check is essential to its validity and whether the delivery is conditional depends upon the intention of the parties. *Economy Fuse and Mfg. Co.* v. *Standard Elec. Mfg. Co.*, 359 Ill. 504, 194 N. E. 922, 925. But there is no finding that the nature of the plaintiff's acceptance was communicated to the defendant, and consented to by him. While we must indulge all reasonable intendments in favor of the judgment and read doubtful findings in support of it if we can reasonably do so, we can not supply the omission of an essential fact which is not fairly inferable as resulting from the facts as found. *Wright* v. *Dodin*, 108 Vt. 23, 26, 182 Atl. 89; *Manley Bros. Co.* v. *Somers*, 100 Vt. 292, 297, 137 Atl. 336. So far as the findings disclose, the instruments in suit were taken and held by the plaintiff and payments received by him on former instruments of the same tenor, in accordance with his agreement with the defendant, without the expression of anything to the contrary. Having been aware of the terms of the delivery, it can not be claimed that his undisclosed intention made such delivery unconditional. The principle is the same as that involved in *Keefe* v. *Fraternal Protective Ins. Co.*, 107 Vt. 99, 102, 176 Atl. 305. The decision in *North Adams Beef and Produce Co.* v. *Cantor*, 103 Vt. 514, 156 Atl. 879, upon which the plaintiff relies, does not touch the question of conditional delivery, and so is not in point here.

Since, therefore, these instruments did not, as between the parties, have the effect and operation of bank checks, the provisions of P. L. 8468-8469 do not apply in this action. "A check which is not to be used except at the pleasure of the drawer manifestly cannot be made the subject of a suit as between the original parties." *Poland* v. *Chessler*, 145 Md. 66, 125 Atl. 536, 537. The condition annexed to the delivery and its purpose was, moreover, legal and therefore enforceable under P. L. 7153. *West Rutland Trust Co.* v. *Houston*, 104 Vt. 204, 208, 158 Atl. 69, 80 A. L. R. 664.

What we have said makes it unnecessary to consider whether the act of the defendant in countersigning the signature of the New Burlington Hotel Corporation constituted making, drawing or uttering a check, or whether the delivery to the plaintiff by the cashier of Hotels, Incorporated, was a delivery by the defendant, within the meaning of P. L. 8468, 8469.

*Judgment reversed and judgment for the defendant to recover his costs.*