H. H. JOHNSON *v*. ESTATE OF EVELYN SAMSON.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 5, 1943.

*H. J. Holden* for the defendant.

*Sylvester & Ready* for the plaintiff.

MOULTON, C. J. The plaintiff presented to the commissioners on the estate of Mrs. Evelyn Samson a bill for medical services which included charges for attendance on Mrs. Samson's deceased husband, and on herself and family after her husband's death. The account was allowed to the extent of the attendance since Mrs. Samson became a widow but the balance was disallowed. The plaintiff appealed to the county court and filed his declaration therein. The defendant estate pleaded the general issue, the statute of limitations and the statute of frauds. Hearing was had without a jury, findings of fact were filed and judgment was rendered for the plaintiff for the entire amount of his claim for services rendered to the husband with interest. The cause comes before us on the defendant's exceptions.

The facts found by the trial court are these: Mrs. Samson's husband died sometime before the spring of 1931, being indebted to the plaintiff in the sum of $261. for medical services. His estate was never administered. In the spring of 1931 the plaintiff spoke to Mrs. Samson regarding payment of his account and she said to him that, if he would not cause her any inconvenience or open the estate, she would see to the payment of the bill when the farm "got going good." From time to time thereafter she made other promises to pay the account. The plaintiff relied upon her promises and did not apply for administration upon her husband's estate. On January 4, 1938, she paid him $5. The services rendered to her after her husband's death were in 1932 and in 1941, and were charged at $8., which was the sum allowed by the commissioners on her estate.

The defendant's exception to the judgment raises the question of whether it is supported by the findings of fact. *Little* v. *Loud,* 112 Vt 299, 304, 23 A 2d 628; *Royal Bank of Canada* v. *Girard,* 100 Vt 117, 119, 135 A 497. This involves a consideration of the issue raised by the defendant's plea that the alleged promise was a special promise to answer for the debt of another, not in writing and signed by the defendant or by some person thereunto by her lawfully authorized, as provided by P. L. 1675, commonly known as the statute of frauds.

There is no question of a waiver of the statute by failure to

object to the evidence, as in *Taplin* v. *Hinkley Fibre Co.* 97 Vt 184, 187, 122 A 426.

Where the oral promise is original, based upon a valuable consideration between the promissor and the promisee, and not collateral to the original debt, the case is not within the statute. *Enos* v. *Owens Slate Co.,* 104 Vt 329, 333, 160 A 185; *Conti* v. *Johnson and Mann,* 91 Vt 467, 469-71, 100 A 874; *Bellows* v. *Sowles,* 57 Vt 164, 170-1, 52 Am Rep 118. But to allow the application of this rule the consideration must be one that operates to the advantage of the promissor. *Cross* v. *Richardson,* 30 Vt 641, 647-8. To illustrate, in *Lampson* v. *Hobart's Est.* 28 Vt 697, the plaintiff forebore to attach the property of his debtor on the verbal promise of the intestate, another creditor, to pay the debt, and assisted the intestate in making an attachment whereby the latter's claim was satisfied. This was held a sufficient consideration to take the promise out of the statute since it operated for the benefit of the intestate, the promissor. In *Cross* v. *Richardson,* 30 Vt 641, the plaintiff released his attachment on certain mill logs at the mill of his debtors, and discharged the trustee in his action against them upon the promise of the defendant to deliver lumber of a named value to him. Here the advantage gained by the defendant, which was held to be the true consideration for the promise and to make an independent contract, consisted in the attainment of his object to purchase the logs and have them sawed into lumber freed from the embarrassment of the attachment and the trustee process. Again, in *Templetons* v. *Bascom,* 33 Vt 132, the defendant was the only child and sole heir of his deceased father, whose estate was more then sufficient to pay all debts and charges. The defendant promised the plaintiffs, creditors of the estate, to pay their claim and relying thereon the plaintiffs did not present it to the commissioners as they would otherwise have done. The promise was held to be founded upon a new consideration, distinct from the original debt, arising from the benefit to the defendant as sole heir in receiving the estate of his father without diminution. Other decisions of this nature are *Fullam* v. *Adams,* 37 Vt 391, 404-5, and *Bellows* v. *Sowles,* 57 Vt 164, 52 Am Rep 118.

But in *Durant* v. *Allen,* 48 Vt 58, the facts, with one exception, are strikingly like those in the present case. It appeared that the plaintiff rendered medical services to the defendant's husband during his last illness. After his death the defendant told the plaintiff

that she had only the home place and furniture, and that, if he would not trouble her or present his claim to the commissioners on her husband's estate or prosecute it before the probate court, she would pay it. She paid him $5. and, relying on her promise, the plaintiff took no steps to prove his claim. The estate consisted only of a house and lot valued at $450. and household furniture worth $99.50. All of this was decreed by the probate court to the defendant, the real estate as a homestead and the personal property in accordance with statutory authorization. The promise was held to be within the Statute of Frauds. "The demand which the plaintiff had was not the debt of the defendant, but the debt of another. It accrued in the lifetime of her husband, and solely against her husband, and so continued up to and at his decease, which event cast no liability upon the defendant on account of it. It still remained a debt against the estate of the deceased, with no means or remedy for its collection, except upon such property of the decedent as the law would appropriate for its payment. But the case shows that there was no property of the estate applicable to the debts of the deceased." (p. 60, 48 Vt), *Cross* v. *Richardson, supra,* and *Templetons* v. *Bascom, supra,* were distinguished, on the ground that in each of them the plaintiff had discharged a lien or surrendered a right to have his demand satisfied out of the funds of an estate, while here there was no property upon which he had a lien, or which the law would appropriate to the payment of the debt. It is, of course, clear that under these circumstances the defendant derived no benefit from her promise, thus bringing the case within the rule announced in *Cross* v. *Richardson, supra.*

*Durant* v. *Allen* differs from the case before us because in that case it affirmatively appeared that there were no available assets in the estate while in this there is no finding upon the subject one way or the other. It is true that there is an oblique reference to a farm, but for aught that appears this property may have been no more in value than the homestead to which the widow was entitled; or owned by her and her husband during his lifetime as an estate of entirety; and so would not be any part of his estate; or her sole and separate property. There is no mention of any personal property belonging to the husband.

■ The plaintiff has the burden of showing that the consideration for the defendant's promise to pay her husband's debt was sufficient to remove the bar of the statute. *Cooley* v. *Hatch,* 91 Vt

128, 133, 99 A 784; *Forbes et al,* v. *Plummer,* 198 Ala 162, 73 So 451, 453. It cannot be said that the burden has been sustained in the present instance. See *Cooley* v. *Hatch, supra.* While we must assume, in support of the judgment below that the trial court drew all reasonable inferences from the facts as found, we cannot supply the omission of an essential fact which is not fairly inferable as resulting from the finding. *Hooper* v. *Levin,* 112 Vt 321, 325, 24 A 2d 337; *Wright* v. *Godin,* 108 Vt 23, 26, 182 A 189; *Fowler* v. *Barlow,* 102 Vt 99, 105, 146 A 77; *Manley Bros.* v. *Somers,* 100 Vt 292, 297, 137 A 336.

■ The appeal from the commissioners to the county court vacated their decision and brought up for hearing the entire claim of the plaintiff, which included the charges for services rendered to Mrs. Samson after her husband's death as well as those rendered to her husband. *Wetmore & Morse Granite Co.* v. *Ryle,* 93 Vt 245, 255, 107 A 109; *Thorp* v. *Thorp's Est.* 75 Vt 34, 37, 52 A 1051; *Stearns* v. *Stearns,* 30 Vt 213, 215. No question is raised as to the propriety of the allowance of the charges for attendance upon Mrs. Samson, which, as we have seen, amount to $8. The judgment of the County Court, however, covered the disputed items and did not include the undisputed ones. This was, no doubt, an oversight and may be corrected here. But since the defendant has prevailed upon the issue presented before us it is entitled to costs.

*Judgment reversed and judgment for the plaintiff in the sum of $8. Let the defendant recover its costs.*